## THE CITY OF DIXON

*v.*

## ELI B. BAKER.

1. CITIES—*liability for private injury from change in grade of street.* Municipal corporations, such as cities and towns, hold the streets in trust for the public, and may regulate and establish their grade, but this must be done so as to do no serious injury to the owners of abutting lots.

2. Such corporations have no more power over the streets than a private individual has over his own land; and neither one has the right to change the natural flow of water, so as to throw it upon the lands of another.

3. Where a city, by elevating the grade of a street, caused the surface water to flow upon the plaintiff's lot and into the basement of his cellar, whereby the building thereon was injured and the walls were cracked, and it appeared that the injury might have been prevented by proper sewerage: *Held,* that the city was liable to the plaintiff, in an action on the case, for the damages caused thereby.

4. NEGLIGENCE — *instruction.* Where the change in the grade of a street made a sewer necessary to prevent the surface water from flowing upon the plaintiff's premises, and the city made a sewer for that purpose,

which was wholly insufficient, and such fact might have been known to the common council, by the exercise of reasonable judgment and care, it was *held,* in a suit by the plaintiff against the city to recover for the injury caused by the flow of surface water upon his premises, that the court below properly refused to instruct the jury, in behalf of the city, that it was not liable for injuries resulting from error in judgment as to the size of the sewer necessary for the passage of the surface water.

5. DAMAGES—*owner of real estate not entitled to recover for injury to his tenant.* In a suit by the owner of a house and lot, the building being occupied by several tenants, to recover for injury caused by turning a flow of surface water upon the lot, whereby the building was injured, the court instructed the jury that "they had the right to take into account the injury, if any, to the building and to the lot, and to the use and occupancy of said building, and also any injury to the convenience of the plaintiff and others occupying said building:" *Held,* that the instruction was erroneous, as the plaintiff had no right to recover damages for inconvenience to his tenants, or to their personal property.

APPEAL from the Circuit Court of Lee county; the HON. WILLIAM W. HEATON, Judge, presiding.

Mr. JAMES K. EDSALL, and Messrs. GOODWIN & WILLIAMS, for the appellant.

Messrs. EUSTACE, BARGE & DIXON, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was an action of trespass on the case, brought against the city, to recover damages for flowing surface water upon the lot of plaintiff, by the raising of the grade of the street and sidewalk.

The proof shows that, by the elevation of the grade of the street, on the part of the city, surface water flowed into the basement of the house of the plaintiff, and thereby the building was injured and the walls cracked.

The broad ground is taken that municipal corporations are not liable for damages caused by such flowage of the surface water; that the damages are incidental, and they are not liable for incidental damages.

Before the change of the grade, the building of the plaintiff was two feet above the grade, and the gutters carried off

all the surface water. After the change, the water ran over the sidewalk and into the cellar of the plaintiff. From the evidence, this might have been prevented by proper sewerage.

If municipal corporations can raise the grade of streets at discretion, and not provide suitable gutters to carry off the surface water, and thus overflow the lands abutting upon the streets, with impunity, then the owners of lots in our towns and cities are entirely at the mercy of the authorities of the municipality. They may make the premises unhealthful, or may compel the owners of the lots to incur great expense in raising the building to the grade established, or may wholly destroy the property for use. One owner of land has no right, by artificial structures, to turn the surface water from his land upon the land of another, when, without such structures, the flowage never would have taken place. The same principle which controls individuals must control as between towns and cities and individual proprietors. Municipalities hold the streets of towns in trust for the public, and may regulate and establish their grade, but this must be done so as to do no serious injury to owners of abutting lots.

In *Nevins* v. *The City of Peoria,* 41 Ill. 502, this question was fully considered and the authorities reviewed. It was there held that, while a city has the absolute control over the grade of its streets, and may elevate or lower it at pleasure, yet it has no more power over the streets than a private individual has over his own land; and that its liability for injury to the property of another is the same as that of the private individual. It was further held that if, in the elevation of its streets, it turned water upon the ground and into the cellar of one of its citizens, it must respond in damages for the injury thus occasioned.

That case is decisive of the plaintiff's right in this case, and there was no error in giving the plaintiff's first instruction.

Opinion of the Court

Error is assigned upon the refusal of the court to instruct the jury, in behalf of the city, that it was not liable for injuries resulting from error in judgment of the common council as to the size of the sewers necessary for the passage of the surface water. The evidence is overwhelming that the sewers were insufficient, and the common council might, and ought to have known the fact. The city did not exercise reasonable care in their construction, and the instruction was properly refused.

We think there was error in giving the fifth instruction for plaintiff. The jury were told in it "that they had the right to take into account the injury, if any, to the building and to the lot, and to the use and occupancy of said building, and also any injury to the convenience of the plaintiff and others occupying said building."

It appears, from the evidence, that the building was occupied by several tenants.

The plaintiff had no right to recover damages for inconvenience to his tenants, or injury to their personal property. He could only recover for injury to the building or premises, or loss sustained by him in consequence of the flowage of the water. The damages caused by loss or inconvenience to others, appertains wholly to them.

This instruction may have influenced the verdict; and the judgment is, therefore, reversed and the cause remanded.

*Judgment reversed.*