# City of Peoria v. Philip Eisler and Joseph Szold, partners as Eisler & Szold.

1. MUNICIPAL CORPORATIONS—*Defective Construction of Sewers.*—A city will be liable for damages where it constructs a sewer to carry off surface water, if the sewer is wholly insufficient and the fact might have been known to the authorities by the exercise of reasonable care and judgment.

Trespass on the Case, for damages occasioned by the overflow of water. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

W. T. IRWIN, attorney for appellant.

Jos. A. WEIL and ISAAC J. LEVINSON, attorneys for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action on the case brought by appellee against appellant for the recovery of damages alleged to have been caused by the latter's negligence in filling up and grading of Garden street in the city of Peoria, and negligent construction of certain drains and sewers on a portion of Garden street and negligently allowing them to be filled up with debris, thereby permitting the surface water to flow over and on the premises occupied by appellee, causing the damages complained of in the declaration. To the charges in the declaration the appellant filed the plea of the general issue, and the cause proceeded to trial on such issue before a jury and a verdict was returned finding the appellant guilty and assessing appellee's damages at the sum of $700.

A motion for a new trial was filed by appellant and overruled by the court below, and judgment was rendered upon the verdict. From this judgment this appeal was taken. There is no question presented in this case for the decision of this court except as to whether the verdict was supported

City of Peoria v. Eisler.

· by the evidence.    There are no instructions given or refused by the court that are complained of, and no ruling as to the evidence.

The only question for this court to decide is as to whether the evidence was sufficient to sustain the verdict.

There is no demurrer to the evidence as a whole, so that the question is not raised as to whether, as a matter of law, the entire evidence supports the verdict.

Appellant cites, however, several authorities on law questions bearing possibly on the sufficiency of the evidence to sustain the verdict.

The evidence tended to show that appellees, merchants in the city of Peoria for the last twenty-five years, were engaged in a general mercantile business, and carried a stock of goods worth about $40,000, in the same location in which the injury occurred, and that they had erected permanent buildings for the purpose of their business; that some time in the year 1881, the city of Peoria commenced grading Garden street and adjacent streets, and constructed sewers and culverts along them; that prior to July, 1891, there was constructed on the northerly side of Garden street by the city, a culvert or gutter running east and west and entering into a brick sewer, close to the intersection of Garden and Adams streets, and that under this system of sewerage the water was safely conducted along on the upper side of the street by the said culvert or gutter, working no injury to appellant's property.

About two years before the injury complained of, the city regraded Garden street, raising the grade about two feet, and the former grading and sewerage were wiped out. After this work was done, a box-constructed sewer, about three feet square, was laid on the southerly side of Garden street, a distance of over twenty feet adjacent to and parallel with the property of the appellees, running east and west.

It was allowed to remain open at the westerly end and a private sewer was constructed of crocks or pottery imbedded into the opening, laid from the Line Vinegar Works, a manufacturing establishment, sixty or seventy feet from appellees' premises.

There was afterward constructed a similar box-sewer of about the same dimensions, and laid diagonally across Garden street, running north and south, connecting with the box-constructed sewer mentioned, which diverted the water from the north side of Garden street opposite to the property of the appellees, to the south side of said street passing in front of their premises, the opening of this box-sewer facing the curbing within two feet thereof instead of facing up Garden street, and a board running to the curb kept the water from passing down the upper side, and forced it into the lower box-sewer.

The evidence tended further to show that the appellees never suffered any damage from water prior to 1880, before any sewer was constructed by the city, and none after 1880, until July, 1881, after the city constructed the sewer as mentioned. The evidence tended further to show that during heavy rains water was drained from the slope from the west of Garden street to the east and directly opposite the premises of the appellees to this box-constructed sewer there entering into it; that the sewer was constructed carelessly by two by four scantlings on the inside of the box, at a curve, preventing dirt and rubbish from passing through, and that the box-sewer had no protection for keeping it out; that the city carelessly and negligently allowed the dirt and rubbish to accumulate to such great extent in the box running diagonally across the street, as to fill the box to within six or eight inches of the top, also accumulating in the box-sewer running east and west in the same manner, and that when the water came down from the north side of the said street, it was obstructed by the dirt and rubbish aforesaid, from passing through the opening left in the box-constructed sewer, causing the water to back up and flow over the box and across the street to the south side and onto the premises of the appellees, until it had accumulated to such an extent that by its force it broke in the brick walls of the appellees and entered the cellar, damaging their goods and property.

The evidence tended to show that this box was full of

rubbish at least a month prior to the injury, and that the mayor and street committee had been notified thereof at least eight or ten days prior to the injury, and had failed and neglected to remedy it.

The injury occurred on the 25th day of July, 1893, by reason of the overflow of water, as aforesaid, caused by a heavy rainfall of two and one-tenth inches of water. The evidence was substantially uncontradicted. Appellant insists that this was such an extraordinary rainfall, and was so unusual and so uncommon in its extent and violence, that the city authorities were not bound to anticipate, and, therefore, guard against it.

This, however, was a question of fact for the jury, and we are not able to say that a rainfall of two and one-tenth inches was such an extraordinary occurrence that the city in constructing its public works was not bound to anticipate it.

In Beach on Public Corporations, in Vol. 2, Sec. 1139, the author lays this down as a rule of law, to wit: "In the construction of public works which may have to resist sudden pressure, the degree of care or foresight which it is necessary to use must always be proportioned to the injury likely to result from the events to be guarded against. In the same book and volume, 1138, it is laid down that "When undertaking a public improvement, a municipality is bound to exercise the same degree of care and prudence that a cautious individual would do, if the whole loss or risk were his own, and it is liable, like an individual, for damages resulting from negligence or omission of duty." In Dixon v. Baker, 65 Ill. 518, it is held that a city will be liable, although it constructs a sewer to carry off surface water if the sewer is wholly insufficient, and that fact might have been known to the authorities had they exercised reasonable care and judgment, if damages result from such negligence.

The law was properly laid down to the jury and the verdict seems to be fully supported by the evidence. This court can see no reason, therefore, for disturbing the verdict. The judgment of the Circuit Court is affirmed.