# Abraham Lunger, Appellee, v. City of Chrisman, Appellant.

1. DRAINAGE—*when obligation to repair arises.* Having voluntarily assumed to construct a drain, a district, by virtue thereof, impliedly assumes the obligation to keep such drain in repair.

2. VERDICT—*when not disturbed as against the evidence.* A verdict not clearly against the weight of the evidence will not be set aside on review.

Action on the case. Appeal from the Circuit Court of Edgar

county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

DYAS & DYAS, for appellant.

W. H. CLINTON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages for wrongfully causing the natural flow of surface water over and across appellee's premises to become obstructed, whereby said surface water was caused to back up and stand upon appellee's premises, thereby injuring and destroying his garden and damaging his well and other property. A trial by jury resulted in a verdict and judgment against appellant for $200. The only ground urged for a reversal of the judgment is, that the evidence does not sustain the charge that the injuries complained of resulted from the negligent and wrongful acts of appellant.

Appellee is the owner of and resides upon three adjacent lots, located in the southwest part of the city of Chrisman. The right of way of the C., H. & D. Ry. Co. adjoins appellee's premises on the south, and the right of way of the C., C., C. & St. L. Ry. Co. is located about 400 feet west of appellee's premises. The natural flow of the surface water in that locality is toward the north and east. Some time prior to the injuries complained of, appellant constructed a 15-inch tile drain from the right of way of the C., H. & D. Ry. Co. northeasterly through the premises of appellee, thence east in an alley through the middle of the block east of appellee's premises, thence north on Illinois street a distance of a block and a half, thence east and north to its outlet. The evidence tends to show that appellant permitted this tile drain to become partially choked up and obstructed by mud, roots of trees and debris. Through the middle of the block, situated east

and northeast of appellee's premises, an alley is laid out, which the evidence tends to show was graded by appellant to a height of several inches above the natural level of the ground in that locality, without providing any outlet for the surface water, and that this elevation in the grade of the alley prevented the surface water from escaping from appellee's premises to the east and north in the course of its natural flow.

While the obligation of the appellant to construct drains was voluntarily assumed, yet, when it constructed such drain for the benefit of the public, it then became the duty of appellant to see that said drain was kept in repair. City of Chicago v. Seben, 165 Ill. 371. And while a municipal corporation may regulate and establish the grade of its streets and alleys it may not do so in such manner as to obstruct the natural flow of surface water and thereby cast it upon the property of a citizen, to his injury, without being liable to respond in damages therefor. City of Dixon v. Baker, 65 Ill. 518; Elser v. Village of Gross Point, 223 Ill. 230.

The evidence in the record fully sustains the charges of negligence against appellant in the respects mentioned, and the judgment of the Circuit Court will be affirmed.

*Affirmed.*