[No. 9106.	Department One.	January 6, 1911.]

## C. D. HAYES, *Appellant,* v. THE CITY OF VANCOUVER, *Respondent.*[1]

MUNICIPAL CORPORATIONS—TORTS—FLOODING PREMISES—LIABILITY OF CITY. A city is liable for damages resulting from flooding premises by pumping water into a sewer, in an effort to remove an obstruction, knowing at the time that such damage would probably result, and cannot plead that the act was done in a governmental capacity.

Appeal from a judgment of the superior court for Clarke county, McMaster, J., entered June 4, 1910, upon sustaining a demurrer to the complaint, dismissing an action in tort. Reversed.

*James P. Stapleton* and *F. W. Tempes,* for appellant.

*P. J. Kirwin,* for respondent.

PARKER, J.—The questions involved in this appeal arise upon the defendant's demurrer to the plaintiff's complaint. The complaint alleges, in substance, that the defendant is a city of the third class; that plaintiff and certain other persons were the owners of certain merchandise, kept by them for storage and sale in the basements of the buildings situated at the intersection of Main and Seventh streets, in the city of

[1]Reported in 112 Pac. 498.

Vancouver, the defendant, at the time of the doing of the acts
by the city which are complained of; that the defendant main-
tained a sewer on Main street running north and south past
the buildings, having its outlet south of the buildings; that the
buildings have the usual water-closet connections with the
sewer; that on March ...., 1909, the sewer became clogged
and obstructed at a point south of the buildings so that the
flow of water therein was interrupted; that the defendant city
in attempting to remove the obstruction turned a large and
powerful stream of water into the sewer at a point north of
the buildings; that the water so turned into the sewer did not
flow through it, but stopped at the obstruction and backed
up into and overflowed the connections made therewith and
flooded the basements where the merchandise was stored, there-
by damaging it; "that the defendant's servants, agents and
employees in so flooding said premises were cautioned about
said water coming into basements and damaging goods of
plaintiff and others, but disregarded said caution and care-
lessly, negligently and wilfully said defendant, through its
said servants, agents and employees, continued to pump said
stream of water into said sewer and against said obstruction
and wilfully, carelessly and negligently continued to so pump
after knowing said basements were being flooded." After al-
leging the amount of damages to the merchandise of the re-
spective owners, it is alleged that their claims were assigned
to plaintiff; and judgment is prayed for accordingly. The
defendant's demurrer was interposed upon the ground that
the complaint does not state facts sufficient to constitute a
cause of action. The demurrer being sustained by the court,
and plaintiff declining to plead further, judgment was ac-
cordingly entered dismissing the action. From this disposi-
tion of the cause, the plaintiff has appealed.

Learned counsel for the city contends that, in turning the
stream of water into the sewer to remove the obstruction, the
city was performing a governmental function of such nature
that it was not liable for the injuries alleged to have resulted

to the merchandise belonging to respondent and his assignees. When damages result to persons or property from the acts of the city through its servant it is not always easy to determine as to whether or not such acts are so purely governmental in their nature as to relieve the city of liability for damages resulting therefrom. We do not find it necessary, however, in this case to determine the exact line of demarkation between these two classes of acts on the part of the city, for we think the great weight of authority supports the view that the results of the acts of the city here alleged, performed with the knowledge it then possessed, are such as the city is bound to respond in damages for. According to the allegations of the complaint, it is plain that this injury was the result of an obstruction in the sewer, combined with a positive direct act of the city, with knowledge on its part of the damage likely to result from the obstruction and such act. Even if this injury be regarded as the result of a defective sewer outlet and the natural flow of water therein, it would not fall within that class of governmental acts performed by a city resulting in damages to private property from which the city would be relieved of liability.

In Abbott, Municipal Corporations, § 959, it is stated:

"The determination to construct a system of drains or sewers is regarded as a discretionary act and the adoption of a location or a plan of work or a comprehensive scheme and plan for drainage, unless palpably bad, partakes of the same nature. Any injuries which may result, therefore, from defects in a reasonable plan or scheme as a whole or in part, can create no liability. The operation of this rule, however, will not prevent a recovery for injuries suffered by a failure to provide a suitable outlet for such a system, or for the construction of drains or sewers lacking in capacity to carry off the natural drainage or sewage from the territory designed."

If this was the sole ground of recovery here, the city might be able to escape liability, upon failure of respondent to prove there was negligence on its part in allowing the sewer to become obstructed, but that would not relieve the city upon the

ground that it was performing a governmental act of the class contended for. Under such circumstances the city would be relieved of liability for the same reasons only as a private corporation or person would be. According to these allegations the city not only allowed the sewer to become obstructed, whether negligently or not is immaterial to this inquiry, but by its positive act artificially increased the flow of water in the sewer, resulting in the damage, and knowing at the time that such damage would probably result from its act. In the case of *Ashley v. Port Huron*, 35 Mich. 295, involving the flooding of premises by the act of the city from one of its sewers, Judge Cooley, at page 300, said:

"It is very manifest from this reference to authorities, that they recognize in municipal corporations no exemption from responsibility where the injury an individual has received is a direct injury accomplished by a corporate act which is in the nature of a trespass upon him. The right of an individual to the occupation and enjoyment of his premises is exclusive, and the public authorities have no more liberty to trespass upon it than has a private individual. If the corporation send people with picks and spades to cut a street through it without first acquiring the right of way, it is liable for a tort; but it is no more liable under such circumstances than it is when it pours upon his land a flood of water by a public sewer so constructed that the flooding must be a necessary result. The one is no more unjustifiable, and no more an actionable wrong, than the other. Each is a trespass, and in each instance the city exceeds its lawful jurisdiction. A municipal charter never gives and never could give authority to appropriate the freehold of a citizen without compensation, whether it be done through an actual taking of it for streets or buildings, or by flooding it so as to interfere with the owner's possession. His property right is appropriated in the one case as much as in the other."

The decisions of the courts relating to damage caused by cities in maintaining sewers and drains, especially where the damage is the result of a positive direct act of the city, seem to be quite uniform in holding that the city is liable for such damage, and that it cannot escape upon the plea that it was the result of the performing of a purely governmental act. *City*

*of Eufaula v. Simmons,* 86 Ala. 515, 6 South. 47; *City of Atlanta v. Warnock,* 91 Ga. 210, 18 S. E. 135, 44 Am. St. 17, 23 L. R. A. 301; *Dixon v. Baker,* 65 Ill. 518, 16 Am. Rep. 591; *City of Evansville v. Decker,* 84 Ind. 325, 43 Am. Rep. 86; *Van Pelt v. Davenport,* 42 Iowa 308, 20 Am. Rep. 622; *Allen v. Boston,* 159 Mass. 324, 34 N. E. 519, 38 Am. St. 423; *Seaman v. Marshall,* 116 Mich. 327, 74 N. W. 484; *Thurston v. St. Joseph,* 51 Mo. 510, 11 Am. Rep. 463; *Nims v. Troy,* 59 N. Y. 500; *Seymour v. Cummins,* 119 Ind. 148, 21 N. E. 549, 5 L. R. A. 126, note 128; *Hart v. Meillsville,* 125 Wis. 546, 104 N. W. 699, 1 L. R. A. (N. S.) 952.

We are of the opinion that, if the allegations of the complaint are true, the city is liable the same as if the alleged damage had been caused by a private corporation or person. It follows that the complaint states a cause of action. The judgment is reversed, with instructions to overrule the demurrer.

RUDKIN, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.