[No. 10675. Department Two. February 21, 1913.]

VITTUCCI IMPORTING COMPANY, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—SEWERS—DAMAGES FROM OBSTRUCTION —NEGLIGENCE. A city is not liable for damages to property through the obstruction of a sewer unless negligence on its part be proven.

SAME—DUTY OF INSPECTION. A city owes the duty of reasonable inspection of its sewers, and its liability for damages to property by reason of obstructions does not depend upon notice to it by the property owner.

SAME—NEGLIGENCE—EVIDENCE—SUFFICIENCY. The fact that a city sewer became obstructed, and overflowed and caused damage to property, and that there existed no extraordinary conditions such

[1]Reported in 130 Pac. 109.

as floods or freshets, establishes a *prima facie* case of negligence against the city, and casts the burden on it of showing that it had exercised ordinary care in performing its duty of inspection.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 25, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*James E. Bradford* and *C. B. White,* for appellant.

*John E. Ryan* and *Grover E. Desmond,* for respondent.

MAIN, J.—This is an action for damages to personal property. The appellant, the city of Seattle, is a municipal corporation of the first class. The respondent, the Vittucci Importing Company, is a private corporation, organized and existing under the laws of the state of Washington. At a certain point in the city of Seattle, Jackson street and Occidental avenue, both public thoroughfares, intersect at right angles. A sewer system is maintained and controlled by the city. In the center of Jackson street is laid a main sewer twenty inches in diameter. Radiating from this main sewer are lateral sewers for the accommodation of the adjacent property. At the southeast corner of these two streets stands a building which is devoted to wholesale purposes. In this building respondent occupied store room No. 406, fronting on Occidental avenue, and the basement thereunder. An adjacent store room and basement were occupied by the Miller Furnace Company. Between the two basements there stood a board partition. The respondent was engaged in the wholesale grocery business, and had stored in the basement occupied by it a certain quantity of merchandise.

On October 24, 1911, the main sewer, at a point a short distance west of the intersection of Jackson street and Occidental avenue, became obstructed. This arrested the flow of sewage and caused it to set back and pass up the lateral used for the accommodation of the building a part of which respond-

ents occupied, thence into the basement occupied by the Miller Furnace Company, and from there through the wooden partition into the basement occupied by the respondent, and caused damage to the amount of $594.83. Thereafter, and within the required time, the respondent presented its claim for damages for this amount to the city of Seattle. This being rejected, suit was instituted. The cause was tried to the court and a jury. Upon the trial the respondent, after making certain preliminary proof, introduced evidence showing the obstruction of the sewer, the amount of the consequent damages, and that there had been no extraordinary conditions such as excessive rains or freshets which could have caused the obstruction; but did not introduce any evidence showing failure of a reasonable inspection on the part of the city or notice thereto of the obstruction. The appellant challenged the legal sufficiency of this evidence and moved for a dismissal of the action, which was denied. Thereupon the appellant introduced certain evidence, but did not controvert the facts above indicated as established by the respondent. Neither did it introduce any evidence showing inspection of the sewer prior to the injury. At the conclusion of the evidence, the appellant moved for a directed verdict. This was overruled. Thereupon the respondent moved for a directed verdict, which was granted. Motion for judgment notwithstanding the verdict, and motion for a new trial, being seasonably made and overruled, an appeal was taken to this court.

The record in the case presents three questions: (1) what is the measure of the city's duty in keeping its sewers in repair and free from obstructions; (2) is notice an essential element of liability; and (3) do the facts established make a *prima facie* showing of negligence.

As to the measure of duty, it is well settled that a municipal corporation is not an insurer of the condition of its sewers, and that, to charge it with damages occasioned by an obstruction therein, negligence must be proven. This proposi-

tion is not controverted.  It is so well known as not to require the citation of authority in its support.

On the second question, that of notice, the authorities are not harmonious.  Numerically speaking, the weight of authority appears to be to the effect that notice, either actual or constructive, is an essential element upon which to predicate liability.  The opposite view, however, is supported by very respectable authority, and seems to be sound in reason.  The sewers are constructed and maintained by the city, and are under its exclusive control.  It is the city's duty to exercise ordinary care in causing an inspection of them from time to time, in order that needed repairs may be made therein and obstructions removed therefrom.  The individual whose property may be subjected to destruction by a defective sewer has neither the duty nor the right of inspection; neither does he have the authority to repair.  The first knowledge that he has or can have that an obstruction exists in the sewer is when his property suffers damage which is caused thereby.  There appears to be no good reason why the city should be entitled to notice, either actual or constructive, of a defect or obstruction in one of its sewers as a necessary element of liability, when such defect or obstruction is such that it would have been discovered by reasonable inspection.  Manifestly, the liability of a municipal corporation for defects or obstructions in its sewers should be measured by a different rule from that which applies to defects or obstructions on its streets or sidewalks.  *McCarthy v. Syracuse,* 46 N. Y. 194; *Vanderslice v. Philadelphia,* 103 Pa. St. 102.

The former case states the principle as follows:

"The mere absence of this notice does not necessarily absolve the city from the charge of negligence.  Its duty to keep its sewers in repair, is not performed, by waiting to be notified by citizens that they are out of repair, and repairing them only when the attention of the officials is called to the damage they have occasioned by having become dilapidated or obstructed; but it involves the exercise of a reasonable degree of watchfulness in ascertaining their condition, from

time to time, and preventing them from becoming dilapidated or obstructed. Where the obstruction or dilapidation is an ordinary result of the use of the sewer, which ought to be anticipated, and could be guarded against by occasional examination and cleansing, the omission to make such examination and to keep the sewers clear, is a neglect of duty which renders the city liable."

The third inquiry is, Do the facts above stated make a *prima facie* showing of negligence on the part of the appellant? These facts establish, (1) the obstruction; (2) the amount of consequential damage to the respondent's property; and (3) that there existed no extraordinary conditions, such as excessive floods or freshets, that could have overloaded the sewer and thereby caused the obstruction. It is argued that these three elements presumptively establish negligence, and cast upon the appellant the burden of showing that it had exercised ordinary care in performing its duty of inspection. We think these facts make a *prima facie* showing of negligence, and cast upon the appellant the duty of showing that reasonable inspection had been made. Had the appellant met this burden and by competent evidence established that it had exercised ordinary care in the matter of inspection, this would have been a complete defense to the action. The city could not be held liable for defects or obstructions which a reasonable inspection would not have discovered. Whether or not there had been an inspection was a fact peculiarly within the knowledge of the appellant, and it would be an unreasonable rule that would require a citizen, as a necessary element of his cause of action in cases of this character, to establish by affirmative evidence the nonexistence of a fact of which he did not have knowledge and which in many cases he would be unable to ascertain and which is entirely within the knowledge of the city. If there had been an inspection, the city knew it and it should have met the *prima facie* case by showing that fact. There is nothing in the opinion in *Hayes*

*v. Vancouver*, 61 Wash. 536, 112 Pac. 498, which is *stare decisis* as against the conclusions here reached.

There being no dispute as to the amount of the damage, and the appellant having introduced no evidence to meet the presumptive showing of negligence on the part of the respondent, the trial court did not commit reversible error in sustaining the motion for a directed verdict.

The judgment will therefore be affirmed.

Mount, Ellis, Morris, and Fullerton, JJ., concur.