[No. 12271.   Department Two.   June 17, 1915.]

### Yakima Central Heating Company, *Respondent*, v. North Yakima, *Appellant*.[1]

Municipal Corporations—Torts—Damages From Flumes—Natural Conditions. A city is not liable for damages to the pipe lines of a heating company caused by leakage from wooden flumes used by the city for irrigation of its parking system, where the damage was the result of natural conditions known to the heating company at the time it obtained its franchise to tunnel beneath the flumes.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered April 15, 1914, upon findings in favor of the plaintiff, in an action for damages, tried to the court.   Reversed.

*Guy O. Shumate*, for appellant.

*Fred Parker*, for respondent.

Morris, C. J.—Respondent brought this action to recover damages to its pipe lines, claimed to have been caused by leakage from wooden flumes used by the city in conveying water across certain alleys.   These flumes were part of the park system of the city, being used in conveying water for the purpose of irrigation of the trees, grass plats and parking strips within the confines of the streets, and had been so used by the city for many years prior to 1910, when, under a franchise from the city, respondent excavated underneath these flumes four or five feet in depth and laid its steam pipes; the injury claimed being that water seeped down from the flumes upon the steam pipes and caused excessive condensation.   Judgment went against the city and it appeals.

It is contended in support of the judgment that the city in so conveying this water is acting in its private and not its governmental capacity, and must respond in damages for the injuries suffered; reliance being placed upon two cases from

[1]Reported in 149 Pac. 341.

this court, *Hayes v. Vancouver*, 61 Wash. 536, 112 Pac. 498, and *Vittucci Importing Co. v. Seattle*, 72 Wash. 192, 130 Pac. 109. Neither of these cases will sustain liability against the city. In the *Vancouver* case, it was held that a city is liable for damages resulting to a property owner by flooding his premises in pumping water into a sewer in an endeavor to remove an obstruction, the reasoning being that the act was a direct trespass for which liability would rest upon the city upon the same principle as if the act had been performed by a private individual, the duty of the city to keep its sewer in repair being a ministerial and not a governmental duty, for the breach of which an action will lie. This doctrine was first announced in *Sutton v. Snohomish*, 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847, and has been uniformly followed. *Hewitt v. Seattle*, 62 Wash. 377, 113 Pac. 1084, 32 L. R. A. (N. S.) 632. In the *Vittucci Importing Co.* case, it was held that a city owes to property owners the duty of a reasonable inspection of its sewers, and is liable for damages caused by obstructions and overflow. Referring to this duty, it was there said:

"It is well settled that a municipal corporation is not an insurer of the condition of its sewers, and that, to charge it with damages occasioned by an obstruction therein, negligence must be shown. This proposition is not controverted. It is so well known as not to require the citation of authority in its support."

The injury here sustained was not caused by any direct or positive act of the city or its servants, nor was it the result of negligence in original construction, but, so far as we are advised by the record, it was the result of natural conditions, the probability of which was as well known to respondent at the time it obtained its franchise to tunnel beneath these flumes as it was to the city, and for the happening of which it must be held to have accepted the risk. When respondent uncovered its pipes to repair them, it was found that the flumes had sagged and leaked, permitting the water to perco-

late down and upon the steam pipes. It is admitted that the soil underneath the flumes is of a gravelly and porous nature, and it is further shown that respondent's construction was in the winter and spring when the ground was frozen, and that it would be impossible to fill and tamp this frozen ground so that when thawed it would not settle underneath the flumes. It is also shown that the effect of the excavation beneath the flumes would have a tendency to cause the flumes to settle and sag. This, it seems to us, establishes the fact that respondent's injury was the result of natural conditions which it was its duty to guard against, and not having done so, it cannot fasten liability upon the city for the happening of that which was a natural result and should have been anticipated. These facts determine the rule of nonliability upon the part of the city for the injury suffered by respondent.

The case being determined upon the facts, we refrain from any discussion of the question as to whether the city in the construction and maintenance of these flumes acts in a proprietary or governmental capacity, as such determination is not necessary to the final disposition of the case.

The judgment is reversed, and the cause remanded with instructions to dismiss.

CROW, MAIN, ELLIS, and FULLERTON, JJ., concur.