[No. 11818-8-I.   Division One.   April 24, 1985.]

VALENTINA A. NEJIN, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*

---

[1]This was the applicable amount at the time as provided by MAR 1.2.

*Douglas N. Jewett, City Attorney,* and *Richard E. Mann, Assistant,* for appellant.

*J. Donald Sullivan* and *Don Isham,* for respondent.

SWANSON, J.—The City of Seattle appeals the superior court judgment awarding $18,275 plus costs to Valentina A. Nejin for landslide damage to her real property allegedly due in part to the City's negligence in maintaining its sewer line in the vicinity of Nejin's property. The City challenges the sufficiency of the plaintiff's evidence. We reverse and remand with instructions for entry of judgment of dismissal.

Nejin owns developed real property at 661 West Nickerson Street in Seattle and undeveloped property to the west, all legally described as "Lots 1, 2, 3 and 4, Block 6, Ross

Second Addition to the City of Seattle, King County, Washington." On December 16, 1977, and January 9, 1978, landslides on Nejin's lots 2 and 3 resulted in soil displacement from Nejin's property partially onto the sidewalk in front to the north.

Nejin notified the City of the occurrence in both instances. After the second notification, City employees dug in the intersection of Eighth Avenue West and West Emerson Street, uphill from Nejin's property. They discovered a broken sewer line, carrying both surface water and sewage, with one–third of its flow capacity obstructed. The 10–inch sewer line's 8– to 9–foot break required a 24–foot section replacement. The trial court found that water had exfiltrated from the sewer break, which had occurred more than 6 months before the first landslide on Nejin's property. The court further found that the City had not inspected the subject sewer since its 1929 installation.

Landslides had occurred in the same area in 1921 and 1940. According to Dean Cress, a supervisor in the Seattle Engineering Department's Sewer Utility Division, groundwater is common in the neighborhood of Nejin's property. Further, I. K. Johnson, a Seattle Engineering Department materials engineer, testified that in investigating the 1977–78 landslide, he observed water seeping from the ground behind the bank of soil that had slid onto the sidewalk and from the scarf and bottom of the landslide. According to him, the seepage source was natural groundwater, *i.e.,* subsurface water.

The trial court found that the 1977–78 landslide on Nejin's property was caused by (1) severe water saturation of the area, to which water escaping from the broken sewer contributed, (2) the weight of materials and fill placed upon the hill above the slide area by Nejin, and (3) the severe pruning of maple trees in the slide area by Nejin.

The City was found liable for its negligence in failing reasonably to maintain its sewer, which negligence was found to have proximately contributed to the landslide damage to Nejin's property. The $21,500 cost of what was

determined to be reasonable and necessary repairs to Nejin's property was reduced by the 15 percent of Nejin's contribution to her own damage by the tree cutting and placing of materials above the slide area. A judgment for $18,275 plus costs was entered in Nejin's favor.

The City assigns error to the following findings of fact and conclusions of law:

## IX.

The sewer, above described, was installed in 1929 and had not been inspected by the City since its installation.

. . .

## XII.

Water exfiltrated from the break in the sewer.

## XIII.

The Court adopts, as factual, Exhibit 6, a report issued by the office of the defendant city's engineer, dated September 16, 1940. The Court finds that a slide occurred, in this same area under consideration herein, in 1921, in connection with grading operations, performed by the defendant; and that another slide occurred in 1940; the Court further finds that further slides in the area were to be expected, without efforts to provide effective water drainage and interception facilities; and that the City had an awareness of the previous slides and the general conditions in the area, consisting of underground springs and soil conditions.

. . .

## XV.

The 1977–1978 slide on the plaintiff's property was caused by a combination of severe water saturation of the area, contributed to by the broken sewer, mentioned above, and exfiltration of water therefrom, resulting in excessive water being introduced into the area; the weight of materials and fill, placed upon the hill above the slide area by the plaintiff, and the drastic pruning of maple trees in the slide area, by the plaintiff.

## XVI.

That statements were made to plaintiff by agents of defendant investigating the area, at or about the time of the slides; one statement by the crew chief in charge of the sewer repair, being "No wonder they took us off the job"; and, the other, on the occasion of the City digging eight feet into Lot 3 of plaintiff's property, being "Well,

it's just too dangerous and we'll have to come back".

### XVII.

That a three–inch drain line and catch basin, presumably located in the alley south of plaintiff's property and previously installed by the City, were both inadequate to handle the volume of water coming from above the plaintiff's property, at the time of the 1977–1978 slides.

### XVIII.

The sum necessary to reasonably repair damages to Nejin property, sustained in the 1977–1978 slides, is in the total amount of $21,500.00; plaintiff contributed fifteen percent to her own damage, as a result of tree cutting and placing of materials and fill above the slide area.

Findings of fact 9, 12, 13, 15, 16, 17, and 18.

### II.

The defendant City negligently failed to use reasonable care to maintain its sewer in the area of Eighth Avenue West and West Emerson Street, in light of the conditions in the area, known to the City.

### III.

The negligence of the City, as set forth above, proximately contributed to the 1977–1978 slide on plaintiff's property, and to the damages sustained by plaintiff, as a result thereof.

. . .

### V.

The plaintiff is entitled to judgment against the defendant in the sum of $18,275.00 ($21,500.00 minus $3,225.00, or fifteen percent), and costs of suit.

Conclusions of law 2, 3, and 5.

The issues are (1) whether the trial court's findings of fact are supported by substantial evidence in the record; and (2) if so, whether the findings of fact support the conclusions of law that the City was negligent and that its negligence was a proximate cause of the landslide damage to Nejin's real property such that Nejin is entitled to damages for $18,275, plus costs of the suit.

A trial court's findings of fact that are supported by substantial evidence will not be disturbed on appeal. *Robertson v. Bindel,* 67 Wn.2d 172, 174, 406 P.2d 779 (1965). Where the findings are supported by substantial evidence, the

question is whether they support the conclusions of law. *See Hoke v. Stevens–Norton, Inc.*, 60 Wn.2d 775, 776, 375 P.2d 743 (1962). Here the record supports conclusion of law 2 that the City was negligent; however, no substantial evidence in the record supports conclusion of law 3 that the City's negligence was the proximate cause of the landslide damage to Nejin's real property.

First, "a municipal corporation is not an insurer of the condition of its sewers, and . . . to charge it with damages occasioned by an obstruction therein, negligence must be proven." *Vittucci Importing Co. v. Seattle*, 72 Wash. 192, 194, 130 P. 109 (1913). However, the existence of a defect in a sewer establishes prima facie negligence and casts upon the defendant the burden of showing that it had exercised ordinary care in performing its duty of inspection. *Vittucci*, at 196.

Here the break in the City's sewer line was undisputed; thus, a prima facie showing of the City's negligence was made. Moreover, the City did not meet its burden of showing that reasonable inspections of the subject sewer had been made.

Finding of fact 9 that the City had not inspected the subject sewer since its 1929 installation is supported by substantial evidence. Dean Cress, a Sewer Utility Division supervisor, testified that he could guarantee that the subject sewer line had been visually inspected since its installation under the City's sewer visual inspection program. However, as the City concedes, Cress produced no records of, or evidence of, the time and frequency of, such inspections.

Moreover, William Schumaker, a City employee whose primary duty is responding to street maintenance claims, testified that he had no knowledge that any inspections were made of the subject sewer line prior to 1978.

Because finding of fact 9 is supported by substantial evidence, the City did not overcome the prima facie showing of negligence. Nevertheless, even though the City was negligent in not reasonably inspecting its sewers, liability to

Nejin cannot be upheld because the record does not reveal substantial evidence that its negligence proximately caused the landslide damage to Nejin's property. Substantial evidence is evidence in sufficient quantum to persuade a fair minded person of the truth of the declared premise. *Bell v. Hegewald,* 95 Wn.2d 686, 688, 628 P.2d 1305 (1981).

The City has assigned error to findings of fact 12 and 15 that water had exfiltrated from the sewer break and that the broken sewer was a contributing cause to the landslide on Nejin's property and conclusion of law 3 that the City's negligence was a proximate cause of the landslide on Nejin's property.

Here no direct evidence existed that the broken sewer line had caused the landslide on Nejin's property. Proximate cause may be adduced as an inference from other facts proven. *Adler v. University Boat Mart, Inc.,* 63 Wn.2d 334, 339, 387 P.2d 509 (1963). However,

> Where causation is based on circumstantial evidence, the factual determination may not rest upon conjecture; and if there is nothing more substantial to proceed upon than two theories, under one of which a defendant would be liable and under the other of which there would be no liability, a jury is not permitted to speculate on how the accident occurred.

*Sanchez v. Haddix,* 95 Wn.2d 593, 599, 627 P.2d 1312 (1981) (citing *Arnold v. Sanstol,* 43 Wn.2d 94, 99, 260 P.2d 327 (1953)).

Here Herbert Allwine, a City Engineering Department street maintenance office employee who maintains the City's landslide records, testified that landslides are caused by both soil problems, for example, clay overlined with impervious materials, and excess groundwater. Further, expert witness I. K. Johnson, a City Engineering Department materials engineer, testified that while a broken sewer line can contribute to a landslide if a voluminous amount of exfiltrating water enters the groundwater table, the contributory effect would be substantially diminished beyond 50 feet. In this case the sewer break was 240 feet from the

slide area; however, because groundwater follows permeable strata to a lower elevation, it was conceded that if any water had exfiltrated from the broken sewer, it could conceivably in some manner have reached the landslide site.

Nevertheless, expert witness Larry Schindler, a foreman on the City Engineering Department's sewer repair crew, testified that when the repair crew dug down to the sewer pipe in January 1978, he saw no water escaping and none of the usual signs that water had escaped from an open sewer pipe such as the absence of dirt and the presence of sewage solids in the ground. Schindler conceded that under certain circumstances, for example, the sewer surcharging or "plugging off," if the hydraulic pressure in the pipe was great enough, water could have exfiltrated from the sewer pipe. However, at the time of the repair work, the sewage flow was normal even though the rock that had caused the break blocked one–third of the pipe.

In matters of proof the existence of facts may not be inferred from mere possibilities. *Wilson v. Northern Pac. Ry.*, 44 Wn.2d 122, 128, 265 P.2d 815 (1954). Here the evidence adduced at trial was that under certain conditions, water "could have exfiltrated" and "conceivably in some manner or fashion" could have reached Nejin's property. However, proximate cause must be proved by evidence, whether direct or circumstantial, not by speculation or conjecture or by inference piled upon inference. *Wilson*, at 130.

The imposition of liability does not rest upon speculation or conjecture when

> The facts relied upon to establish a theory by circumstantial evidence [are] of such a nature and so related to each other that it is the only conclusion that fairly or reasonably can be drawn from them.

*Grobe v. Valley Garbage Serv., Inc.*, 87 Wn.2d 217, 225–26, 551 P.2d 748 (1976); *Arnold v. Sanstol, supra.* However,

> [w]hen the circumstances lend equal support to inconsistent conclusions or are equally consistent with contradictory hypotheses, the evidence will not be held sufficient to establish the asserted fact.

*Lamphiear v. Skagit Corp.*, 6 Wn. App. 350, 357, 493 P.2d 1018 (1972) (quoting *Ruff v. Fruit Delivery Co.*, 22 Wn.2d 708, 720, 157 P.2d 730 (1945)).

Here substantial evidence does not support findings of fact 12 and 15 that water exfiltrated from the broken sewer and contributed to the excess groundwater that was a cause of the landslide. Further, the remaining findings of fact, even if supported by substantial evidence, do not support conclusion of law 3 that the City's negligence proximately contributed to the landslide damage to Nejin's property. *See Hoke v. Stevens–Norton, Inc., supra* at 776.

Liability may be imposed upon a defendant only where a theory of liability is supported by sufficient circumstantial evidence from which reasonable minds could conclude that a greater probability existed that the plaintiff sustained injury through the defendant's action or inaction for which the defendant would be liable than that he was injured by a means for which the defendant would not be liable. *Lamphiear*, at 356–57.

Here sufficient circumstantial evidence was not presented from which reasonable persons could conclude that a greater probability existed that the landslide on Nejin's property was caused partly by water escaping from the broken sewer rather than by natural groundwater, which was prevalent in the area. Because of Nejin's failure of proof, the trial court's judgment against the City cannot stand. *Arnold v. Sanstol, supra* at 101. Moreover, in light of our determination that Nejin did not meet her burden of proving the City's liability by a preponderance of the evidence, we need not address the City's other assignments of error, including the damages question.

The judgment is reversed and the case is remanded with instructions to enter judgment in favor of the City.

COLEMAN, J., and HENRY, J. Pro Tem., concur.