[No. 24251-0-III.   Division Three.   March 21, 2006.]

CHARLES KEMPTER ET AL., *Appellants*, v. THE CITY OF SOAP LAKE, *Respondent*.

*Dwayne C. Fowles* (of *Lukins & Annis, P.S.*), for appellants.

*Brian A. Christensen* (of *Jerry Moberg & Associates*), for respondent.

¶1 SCHULTHEIS, J. — Charles and Phyllis Kempter sued the city of Soap Lake (City) for damages caused by a sewer backflow into their house. The City's motion for summary judgment was granted and the suit was dismissed. On appeal, the Kempters contend the City should be liable because it has absolute control over its sewer system. Because we find that the Kempters failed to produce evidence of the City's negligence, we affirm.

## FACTS

¶2  The Kempters own a home in Soap Lake. As residents of the City, they are required to be hooked up to the City's sewer system. On a regular basis, the City inspects its sewer lines for blockage and other problems. Six days before the incident here, the sewer lines servicing the Kempters' house were inspected and found to be clear.

¶3  Due to occasional backflows from the sewer into the homes in that area, the City has offered private homeowners backflow prevention devices. Homeowners install the backflow preventers on their private sewer lines and are responsible for maintaining the devices. The Kempters, as well as their neighbors, had installed backflow preventers on their systems.

¶4  Around 11 AM on Saturday, November 4, 2000, a sewer line backed up and sewage began flowing from the Kempters' toilet into their home. The Kempters were unable to contact anyone at the City and called 911 in desperation. At around 1:30 PM, the City mayor and a City employee arrived and flushed the sewer system by blasting a strong spike of water through the pipes, dispersing an obstruction. With costs for cleaning, replacement of flooring and other items, and plumbing expenses, the Kempters suffered damages of approximately $15,900. Their neighbors had no flooding.

¶5  In October 2001, the Kempters filed a summons and complaint for damages due to the City's alleged negligence "in the maintenance and operation of the sewage system." Clerk's Papers at 4. Both parties moved for summary judgment. The trial court granted the City's motion and dismissed the Kempters' claims with prejudice. This appeal timely followed.

### SUMMARY JUDGMENT ON THE ISSUE OF NEGLIGENCE

¶6  The Kempters contend the trial court erred in dismissing their case on summary judgment. Although they

alleged in their complaint that the City was negligent in maintaining and operating the sewage system, they largely abandoned this theory and argued to the trial court that the City was liable even if it was not negligent. On appeal, they urge this court to conclude that because a municipality has exclusive control over the sewer system, and because city residents are required to be connected to the system, the municipality should be liable when an obstruction-caused backflow occurs.

¶7 On this review of a summary judgment, we engage in the same inquiry as the trial court, viewing the evidence in the light most favorable to the nonmoving party. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005). Summary judgment is appropriate only when the pleadings and other documents show that there is no issue of material fact and that as a matter of law the moving party is entitled to judgment. *Ruff v. County of King*, 125 Wn.2d 697, 703, 887 P.2d 886 (1995). Although issues of negligence and proximate cause are usually not susceptible to summary judgment, questions of fact may be determined as a matter of law when reasonable minds could reach only one conclusion. *Id.* at 703-04.

¶8 The Kempters sued the City for negligence. Consequently, they were required to show duty, a breach of that duty, and injury proximately caused by the breach. *Miller v. Jacoby*, 145 Wn.2d 65, 74, 33 P.3d 68 (2001). Washington recognizes that a municipality has a duty to exercise reasonable care in the repair and maintenance of the municipal sewage system. *See, e.g., Pruitt v. Douglas County*, 116 Wn. App. 547, 558, 66 P.3d 1111 (2003). The Kempters present no evidence that the City breached that duty. Instead, they argue that because the City had absolute control over the sewage system, the City should be liable for any injury caused by the sewage system.

¶9 None of the cases cited by the Kempters support this argument. In *Tombari v. City of Spokane*, 197 Wash. 207, 84 P.2d 678 (1938), for example, the sewer backflow was caused by known defects: the sewer line was improperly

installed and the line itself had insufficient capacity to handle the quantity of sewage. *Id.* at 208. The court held that a municipality is liable when the property owner is required to connect with the sewer and the municipality alone has the power to remedy the defect that caused the injury. *Id.* at 213. Such defects include the failure to keep the sewers open or to install adequate drains. *Id.* at 212-13. Another case cited by the Kempters, *Boyer v. City of Tacoma*, 156 Wash. 280, 288, 286 P. 659 (1930), also held that a person should be compensated by a city when the city alone "has the power and the means to remedy the defective sewer or to replace an inadequate sewer." In both cases, the plaintiff first had to prove that the sewer was defective or was negligently maintained. Negligence was not presumed by the fact that injury occurred.

¶10 The Kempters present no evidence that the sewer line was defective or that the City failed to properly maintain the line. In fact, they do not even show that the blockage occurred in the municipal sewer line as opposed to their private sewer line. The City provided evidence that the municipal sewer line had been inspected just six days earlier and had been clear at that time. A declaration by the City's director of public works indicated that the sewer pipes were more than adequate for the flow in the vicinity of the Kempters' home. None of this evidence is disputed. With no actual evidence of a negligent breach of duty, the Kempters rely instead on a theory that because the City is absolutely responsible for the sewer lines, it is responsible for any damage caused by the sewer lines.

¶11 In effect, the Kempters raise the doctrine of res ipsa loquitur, which creates a presumption of negligence. The doctrine of res ipsa loquitur ("the thing speaks for itself") provides that, in some circumstances, the mere fact that an accident occurred raises an inference of negligence. BLACK'S LAW DICTIONARY 1336 (8th ed. 2004). For the doctrine to apply, the plaintiff must establish three criteria: (1) that the injury-producing occurrence is not the kind that ordinarily happens without someone's negligence, (2) that

the injury was caused by some agent or instrumentality under the exclusive control of the defendant, and (3) the injury-producing occurrence is not due to any action by the plaintiff. *Miller*, 145 Wn.2d at 74; *Hughes v. King County*, 42 Wn. App. 776, 782, 714 P.2d 316 (1986). Here, there is no evidence that the Kempters contributed to the blockage in the sewer line. And it is at least arguable that an obstruction in the sewer line ordinarily would not occur without negligence on somebody's part. However, it is not at all certain that it was the City's negligence that caused the obstruction. More important, the Kempters fail to establish that the City had exclusive control over the sewer and the obstruction that caused the damage.

¶12 *Hughes* quotes with approval language from *City of New Smyrna Beach Utilities Commission v. McWhorter*, 418 So. 2d 261, 264 (Fla. 1982):

> "Any number of inappropriate objects may be, and are, forced into a public sewer system at any given time with potentially catastrophic results. . . . In fact, it is this very public access to the sewer line which defeats the requisite degree of control and renders the doctrine of res ipsa loquitur inapplicable to a case such as this where an obstruction, not caused by a defect in the design or construction of the system itself, [produces] an injury-causing sewer back-up."

*Hughes*, 42 Wn. App. at 784. Here, as in *New Smyrna*, any number of objects could have been dumped into the sewer system by private citizens to cause the obstruction. The City has no control over this occurrence and can attempt to head off obstructions only by regularly inspecting the sewer lines. Such inspections occurred here.

¶13 Ultimately, a city is not an insurer of the condition of its sewers; to charge it with damage caused by an obstruction in the sewers, negligence must be proved. *Nejin v. City of Seattle*, 40 Wn. App. 414, 419, 698 P.2d 615 (1985) (quoting *Vitucci Importing Co. v. City of Seattle*, 72 Wash. 192, 194, 130 P. 109 (1913)). Because the Kempters failed to present evidence of a breach of duty or of the City's absolute control over the conditions that led to the backflow, reason-

able minds could conclude only that there was insufficient evidence of negligence as a matter of law. *Ruff*, 125 Wn.2d at 703-04. Accordingly, the trial court did not err in dismissing their complaint on summary judgment.

¶14 Affirmed.

SWEENEY, A.C.J., and THOMPSON, J. PRO TEM., concur.