[No. 12076.  Department One.  December 8, 1914.]

PIERCE COUNTY, *Appellant*, v. DORA G. THOMPSON *et al.*, *Respondents.*[1]

EMINENT DOMAIN—COMPENSATION—SET-OFF OF BENEFITS—DRAINAGE DISTRICTS—CONDEMNATION BY MUNICIPAL CORPORATION—PUBLIC NATURE OF USE. Under Const., art. 1, § 16, providing that, on condemnation of rights of way, to the use of any corporation other than municipal, full compensation therefor must first be paid in money, irrespective of any benefits from any proposed improvement, it is proper to offset the benefits accruing to the property owners by reason of the improvement of a drainage district, as determined by a jury in condemnation proceedings for a right of way for a ditch, prosecuted by the county "in behalf of the proposed improvement district," as provided in 3 Rem. & Bal. Code, § 4226-13, although Id., § 4226-14, further provides that the decree of appropriation vests the title in the county "for the benefit of the improvement district;" since the above quoted words mean no more than that the county takes the title to be used for ditches of the irrigation district just as a city takes condemned streets in aid of local improvement districts in trust for street purposes; and the nature of a drainage improvement district is not less public and is not differentiated because all its costs may be assessed against the district.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered January 2, 1914, dismissing condemnation proceedings in aid of a drainage district, upon challenging the constitutionality of the drainage district act. Reversed.

*Lorenzo Dow* and *W. W. Keyes*, for appellant.

*J. W. A. Nichols* and *Burdick & McQuesten*, for respondents.

PARKER, J.—This is an eminent domain proceeding prosecuted by Pierce county under Laws of 1913, ch. 176, p. 611 (3 Rem. & Bal. Code, § 4226-1 *et. seq.*), relating to establishing drainage improvement districts.  An improvement district having been duly created by the county commis-

[1]Reported in 144 Pac. 704.

sioners with a view to draining about eighteen hundred acres of land, this proceeding was commenced in the superior court for Pierce county, against the several owners of land through which the ditches were to run, for the acquiring of necessary rights of way therefor. The question of public use and necessity came regularly on for hearing before the court, when the right of the county to acquire the rights of way by condemnation was challenged by counsel for several of the defendants upon the ground that the law is unconstitutional. The superior court sustained this contention and dismissed the proceeding. From this disposition of the cause, the county has appealed.

The only provisions of the law we need here particularly notice are the following:

"Section 1. Whenever one or more persons whose land will be benefited thereby shall desire to have a drainage system established and constructed or any part of an existing drainage system other than those organized under the provisions of sections 4137 to 4181 straightened, widened, altered, deepened or otherwise improved, and shall not desire to incorporate as a drainage district under the provisions of sections 4137 to 4181 and the acts amendatory and supplemental thereto, or there shall not be a sufficient number to be benefited by such system to form a drainage district as in said chapter and the acts amendatory and supplemental thereto provided, proceedings for the construction or improvement of such system shall be as provided for in this act." 3 Rem. & Bal. Code, § 4226-1.

"Sec. 13. For the purpose of taking or damaging property for the purposes of this act, counties shall have and exercise the power of eminent domain in behalf of the proposed improvement district, and the mode of procedure therefor shall be as provided by law for the condemnation of lands by counties for public highways." 3 Rem. & Bal. Code, § 4226-13.

"Sec. 14. The jury in such condemnation proceedings shall find and return a verdict for the amount of damages sustained: Provided, That the jury, in determining the amount of damages, shall take into consideration the benefits, if any, that will accrue to the property damaged by reason of

the proposed improvement, and shall make special findings in the verdict of the gross amount of damages to be sustained and the gross amount of benefits that will accrue. If it shall appear by the verdict of the jury that the gross damages exceed the gross benefits, judgment shall be entered against the county, and in favor of the owner or owners of the property damaged, in the amount of the excess damages over the benefits, and for the costs of the proceedings, and upon payment of the judgment into the registry of the court for the owner or owners, a decree of appropriation shall be entered, vesting the title to the property appropriated in the county for the benefit of the improvement district. If it shall appear by the verdict that the gross benefits as found by the jury equal or exceed the gross damages, judgment shall be entered against the county and in favor of the owner or owners for the costs only, and upon payment of the judgment for costs a decree of appropriation shall be entered, vesting the title to the property appropriated in the county for the benefit of the improvement district. The verdict and findings of the jury as to damages and benefits shall be binding upon the board appointed to apportion the cost of the improvement upon the property benefited as hereinafter provided." 3 Rem. & Bal. Code, § 4226-14.

Other provisions of the law relate to procedure to be followed in the creation of the improvement district, constructing the improvement and levying the cost thereof by special assessment against the property benefited by the improvement. These need not be here noticed in detail. For present purposes, we may regard the drainage improvement district as bearing to the county substantially the same relation as a street or sewer local improvement district does to a city.

It will be noticed that by the provisions of § 14 (Id., § 4226-14), of the law above quoted, benefits are to be offset against damages by the jury in measuring the compensation to be awarded owners of land which is taken for rights of way for ditches. This, it is insisted by counsel for respondents, violates rights guaranteed to them by § 16, art. 1 of our state constitution providing as follows:

"Private property shall not be taken for private use, except for private ways of necessity, and for drains, flumes, or ditches on or across the lands of others for agricultural, domestic, or sanitary purposes. No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner, and no right of way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation."

It is conceded that, under the holdings of this court in *Lewis v. Seattle*, 5 Wash. 741, 32 Pac. 794, and *Lincoln County v. Brock*, 37 Wash. 14, 79 Pac. 477, both cities and counties are municipal corporations within the meaning of this constitutional provision, and that they may, in the acquisition of land by condemnation for street and road purposes, have benefits offset against damages by the jury in measuring the compensation to be paid for land taken for such purpose. It is insisted, however, that land taken for rights of way for ditches under this law is, in effect, taken by the drainage improvement district, and the district not being a municipal corporation, this constitutional provision guarantees the property owner the right to have his award for the taking of his land measured irrespective of any benefits resulting to the remainder of his land from the proposed improvement. This, also, seems to be the theory upon which the superior court proceeded. To support this theory, our attention is directed to the language of section 13 referring to the exercise of the power of eminent domain by the county "in behalf of the proposed improvement district"; and also to language of similar import in section 14 prescribing that "a decree of appropriation shall be entered vesting the title to the property appropriated in the county for the benefit of the improvement district." We are unable to see that this vests in the county a title differing materially in its nature from

that which a city acquires when it condemns land in aid of a local street improvement. In neither case is the land taken other than in trust for a public use.

We think that the words, "in behalf of the proposed improvement district" and "for the benefit of the improvement district" mean no more than that the county takes the land to be used for rights of way for the ditches of the drainage district, just as a city takes by condemnation land in aid of a local street improvement in trust to be used for street purposes. We think it is of no consequence here that the drainage improvement district is not a municipal corporation. The improvement is a public one and the county is the municipal corporation exercising the granted power of eminent domain in the acquisition of rights of way in aid of the construction of the improvement. We can see no difference in principle, so far as possible constitutional objections are concerned, between the exercise of the power of eminent domain in the manner prescribed by this law, and the exercise of such granted power in a similar manner by a city in aid of a local street improvement.

Some contention seems to be made that an improvement of this nature is so limited in its use and benefits as to render it of private and not public concern. We think that it does not differ in this respect from any other local improvement the whole cost of which may be chargeable against property specially benefited thereby. It can hardly be seriously argued that a local improvement is not a public improvement simply because its special benefits are such as to warrant the charging of its whole cost against benefited property. We are of the opinion that the improvement is a public one and such as to warrant offsetting of benefits against damages in measuring compensation to be awarded for land taken for the rights of way for ditches.

We conclude that the law does not violate rights guaranteed by our constitution, as claimed by counsel for respond-

ents.  The judgment of dismissal is reversed, and cause remanded to the superior court for further proceedings.

CROW, C. J., GOSE, MORRIS, and CHADWICK, JJ., concur.