[No. 14142. *En Banc.* December 15, 1917.]

STELLA B. LINN, *Appellant*, v. WALLA WALLA COUNTY, *Respondent.*[1]

COUNTIES—LIABILITY FOR TORTS—DRAINS — NEGLIGENT CONSTRUC-TION. A county is liable for damages caused by its negligence in the construction of a drainage ditch pursuant to Rem. Code, § 4226-1 *et seq.*, authorizing proceedings by a county where it is not desired to incorporate a drainage district.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered April 2, 1917, upon sustaining a demurrer to the complaint, dismissing an action in tort. Reversed.

*John C. Hurspool,* for appellant.
*Wm. B. Bridgman,* for respondent.
*Alfred H. Lundin* and *Edwin C. Ewing, amici curiae.*

HOLCOMB, J.—The complaint of appellant alleged damages by respondent county for the negligent construction and maintenance of a drainage ditch in what is known as Drainage Improvement District No. 2, of Walla Walla county, by reason of the bottom of the drainage ditch being defectively constructed and maintained so as to permit the water flowing therein to seep through and flood the land of appellant. The demurrer of respondent to the complaint, on the grounds that the complaint did not state facts sufficient to constitute a cause of action and that there was a defect of parties defendant, was sustained upon the first ground, upon the theory that the county is not suable nor liable. Appellant refused to plead further and the cause was dismissed, this appeal following.

This drainage ditch was constructed under the Laws of 1913, ch. 176, p. 611 (Rem. Code, § 4226-1 *et seq.*).

The first section of that act provides:

[1]Reported in 169 Pac. 323.

"Whenever one or more persons whose land will be benefited thereby shall desire to have a drainage system established and constructed or any part of an existing drainage system other than those organized under the provisions of chapter 115 of the Laws of 1895 straightened, widened, altered, deepened or otherwise improved, *and shall not desire to incorporate as a drainage district under the provisions of chapter 115 of the Laws of 1895 and the acts amendatory and supplemental thereto, or there shall not be a sufficient number to be benefited by such system to form a drainage district as in said chapter and the acts amendatory and supplemental thereto provided,* proceedings for the construction and improvement of such system shall be as provided in this act." (Italics ours).

Nowhere in the act is such drainage district as thereby created declared a municipal or public corporation, or given the power to sue or be sued, or given corporate succession.

The act was before us in *Pierce County v. Thompson,* 82 Wash. 440, 144 Pac. 704. There it was assumed by the parties and by the court that such a drainage improvement district bears substantially the same relation to the county as a street or sewer local improvement district bears to a city.

The act providing for eminent domain proceedings to be prosecuted by the county, it was held in the above case that the county took the land to be used for rights of way for the ditches just as a city took by condemnation land in aid of a local street improvement in trust to be used for street purposes. It was also there held that it "is of no consequence that the drainage improvement district is not a municipal corporation. The improvement is a public one and the county is the municipal corporation exercising the granted power of eminent domain . . . We can see no difference in principle, as far as possible constitutional objections are concerned, between the exercise of the powers of eminent domain in the manner prescribed by this law, and the exercise of such granted powers in a similar manner by a city in aid of a

local street improvement." The contention that the improvement is so limited in its use and benefits as to render it of private and not public concern was there denied.

In such cases of limited local improvement districts in cities, cities have uniformly been held liable for negligent construction and maintenance of such public works. *Cooper v. Seattle,* 16 Wash. 462, 47 Pac. 887, 58 Am. St. 46; *Hayes v. Vancouver,* 61 Wash. 536, 112 Pac. 498; *Vittucci Importing Co. v. Seattle,* 72 Wash. 192, 130 Pac. 109.

The county constructed the drainage ditch and caused the alleged injury and damage thereby. The county is, no doubt, as beneficially interested in the local improvement of lands and local sanitation by drainage as is a city in local sewer systems. Such drainage improvement district exists only as a territorial body of lands benefited and with a designating number. The county is the only political entity or public or municipal corporation to whom was granted the powers to be exercised for such a local drainage system. In it are vested all the rights and property acquired. It is doubtless true that for such systems the county acts only for and in behalf of the local drainage district, but it is the only corporation which can. We conclude that the county is the only suable corporation in such case.

The judgment is therefore reversed, with instructions to overrule the demurrer and reinstate the cause for further proceedings.

ELLIS, C. J., MOUNT, MAIN, FULLERTON, WEBSTER, and PARKER, JJ., concur.