KADOW ET AL. *v.* PAUL ET AL. COMMISSIONERS.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 241. Argued March 16, 1927.—Decided April 18, 1927.

1. Section 4439–6 of the Laws of Washington, 1923, which provides a supplemental assessment on the lands within drainage districts to make up any deficiency resulting from the elimination or avoidance of any original assessment, does not intend that the assess-

ment of any land owner may thus be increased beyond the benefits derived by him from the improvement. P. 180.

2. Where part of the land in a special improvement district fails to pay its assessment and is appropriated and sold, any deficit thus arising may constitutionally be met by additional assessments on the lands of the district, provided the law operates uniformly as against all parts of it and the assessments of the respective land owners are not made to exceed the benefits they receive from the improvement. P. 181.

134 Wash. 539, affirmed.

ERROR to a decree of the Supreme Court of Washington which affirmed a decree dismissing the petition in a suit brought by a number of the owners of land within a drainage district to restrain the making of the improvement and the issuance of bonds to pay for it.

*Mr. Homer D. Angell*, with whom *Mr. Henry Crass* was on the brief, for plaintiffs in error.

*Mr. A. L. Miller*, with whom *Mr. Charles P. Swindler* was on the brief, for defendants in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a writ of error to a decree of the Supreme Court of Washington. The original action was brought in the Superior Court of Clarke County, of that State, to have the proceedings in the organization of Diking Improvement District No. 3 of that county declared void, because certain portions of the statute under which the district was formed were unconstitutional, and to restrain the defendants from taking any steps looking to the construction of the proposed improvement or the sale by the county of bonds to finance it. After a trial on the merits, the trial court dismissed the petition, and an appeal was taken to the Supreme Court of the State, where the

decree of the trial court was affirmed. The proposed improvement was sought to be made under Chapter VI, Title XXVII, Rem. Comp. Stat., as amended by c. 46 of the Laws of 1923. This law, by §§ 4407, 4408, 4410, 4411, 4412, 4414, 4415, 4416, 4422, 4435-1, makes provision for the establishment of a diking district initiated by a petition addressed to the Board of County Commissioners of the county in which the improvement is located, signed by certain owners of property to be benefited, the petition to set forth with reasonable certainty the location, route and terminal of the dike. Thereafter, the usual provisions are made for the giving of notice, the hearing upon the question of the wisdom and public benefit of the improvement, an estimate of the damage to each landowner which may be done by the improvement, and also of the benefits it will effect for each, and the total number of acres that will be benefited. The county commissioners are to have the aid of the county engineer. The proposed improvement is to be approved by the state Reclamation Board. Full provision is made for hearings at which the damages and the benefits shall be determined and apportioned to the various landowners and for appeals to a court in such determinations. A board of supervisors of the district are elected, who attend to the construction of the improvement. The cost of the improvement is to be paid by assessment upon the property benefited, and all the lands included within the boundaries of the district, and assessed for the improvement, are to remain liable for the costs of the improvement until the same are fully paid. One permitted method of meeting the cost is by bonds. These are not to be obligations of the county, though they are issued by it.

The object of this particular improvement was to reclaim lands on the east bank of the Columbia River,

which were swampy and subject to overflow at times of high water. It also had for its purpose the draining of Lake Shillapoo. The first petition covered 6,500 acres. After the organization of the district had proceeded to the point where bonds were ready to be sold, it was permitted to remain dormant for three years, when a second petition was filed with the County Commissioners, and thereafter the district was regularly established, comprising 5,100 acres of land. It was determined that the project should be financed by the issuing of bonds to run for fifteen years. The commissioners advertised for the letting of the contract for the improvement and for the sale of the bonds. On the day before the date set, the plaintiffs in error began the present action. In the state court there were may objections to the validity of the proceedings, and all of them were decided against the plaintiffs.

The counsel for plaintiffs in error in this Court concede that the only point which they can press here grows out of an amendment to the Diking Law, § 4439–6 of Session Laws of Washington for 1923, pages 128, 129, with reference to reassessments. It reads as follows:

" If upon the foreclosure of the assessment upon any property the same shall not sell for enough to pay the assessment against it, or if any property assessed was not subject to assessment, or if any assessment made shall have been eliminated by foreclosure of a tax lien or made void in any other manner, the board of county commissioners shall cause a supplemental assessment to be made on the property benefited by the improvement, *including property upon which any assessment shall have been so eliminated or made void,* and against the county, cities and towns chargeable therewith in the manner provided for the original assessment, to cover the deficiency so caused in the original assessment." The italicized words were put in by the amendment in 1923.

It is argued for plaintiffs in error that by this statute it is attempted to give power to the county officers, upon

the foreclosure of the assessment upon any property, to reassess the deficit upon the remaining lands in the district, and that this permits them to ignore the original apportionment and to reassess lands within the district for the remainder of the cost of the improvement, the benefit of which inures to other lands in the district; that this violates the principle that assessments must be apportioned in accordance with the benefits received, and is not due process of law. It is said that this complaint is particularly pertinent to the case at bar, because a large area of the diking district involved comprises the bottom of Shillapoo Lake and contiguous low lands bordering it, the value of which is nothing at the present time, and the value of which may continue to be nothing after the system of improvement is established, for the reason that it has not been ascertained that the bed of the lake and the low lands surrounding it are of such composition as to permit their use for agricultural purposes even after they are drained; that, if such lands prove valueless, the assessment charges against the same will not be paid; and by the reassessment provision the cost thereof will be reassessed against the remaining land in the district, which will increase the cost to such lands far in excess of the benefits received. In answering the objection that the condition feared has not yet arisen, is premature and may never arise and that such owners can apply for relief when conditions arise making it necessary, it is said that the bonds in question, the issuing of which the plaintiffs in error are seeking to have enjoined, are to be sold under the provisions of this law with the reassessment feature as a part thereof, and that they become at once a cloud upon the title of plaintiffs, make it unmarketable, and to that extent tend to confiscate their property and work a taking without due process of law. It is said that if the reassessment feature violates the Federal Constitution, a court of equity should afford relief at the outset to the land owners within the district.

The Diking Act specifically provides, § 4421, Session Laws of Washington for 1923, page 114, that the cost of the improvement shall be paid by assessment upon the property benefited, said assessment to be levied and apportioned as thereinafter prescribed. In *Foster* v. *Commissioners of Cowlitz County*, 100 Wash. 502, the Supreme Court of the State, in discussing a similar objection under this act though it has since been amended in one respect, used this language:

" In so far as the question of due process in the charging of the cost of the improvement to the property benefited thereby is concerned, counsel's contention is also untenable. Owners of property within the district are given notice and opportunity to be heard upon the question of the creation of the district and the construction of the improvement. When it comes to charging the cost of the improvement against the several tracts of land within the district, such charge must be ' in proportion to the benefits accruing thereto,' and we think the statute also means that no tract of land can be charged in excess of the benefits accruing thereto. Owners of the land within the district to be charged with any portion of the cost of the improvement are given notice and opportunity to be heard upon the question of benefits and the apportionment of the charge to be made therefor against the several tracts. Not until all this is done is the assessment finally levied."

It is said that this language of the Washington court can not now be regarded as a limitation to benefits of assessments against any particular lot of land because of the amendment of 1923, already referred to, by which the supplemental assessments may include deficits in the total assessments occasioned by elimination or voiding of previous assessments on the other lands in the district.

It seems clear to us that there is nothing in this amendment which changes the rule of construction of the statute as laid down by the Supreme Court in the *Foster* case,

imposing a limitation in favor of the assessment payers against any supplemental assessment that should exceed the benefits conferred on each one by the improvement. Supplemental assessments, in providing for the payment for such improvements, are recognized as a legitimate part of the proceeding necessary to raise the money and to pay bonds issued to meet the cost; and if, in the process of collection, it shall appear that some of the assessed land fails to pay the assessment and is appropriated and sold, the distribution of the deficit thus arising, to be included in another assessment, is only meeting the to be expected cost of the improvement. When the operation of the law works uniformly as against all parts of the assessment district, and results in a higher cost of the improvement, and an increased assessment on all the owners of land who have paid, it violates no constitutional right of theirs as long as their benefits continue respectively to exceed their individual assessments. *Orr* v. *Allen,* 248 U. S. 35; *Orr* v. *Allen,* 245 Fed. 486, 498; *Norris* v. *Montezuma Valley Irrigation District,* 248 Fed. 369, 373; *Hagar* v. *Reclamation District,* 111 U. S. 701; *Fallbrook Irrigation District* v. *Bradley,* 164 U. S. 112.

*Affirmed.*