[No. 23293. *En Banc.* September 2, 1931.]

ELIZABETH G. BOYD *et al., Plaintiffs-Respondents,* v. T. G. CUNNINGHAM *et al., Defendants-Respondents,* THE COLLEGE OF PUGET SOUND, *Intervener-Respondent,* MILTON M. MILLER, *Intervener-Appellant.*[1]

*William Stuart,* for appellant.

*Wm. B. Bridgman,* for plaintiffs-respondents.

*J. E. Stone* and *Atwell & Moore,* for defendants-respondents.

[1]Reported in 2 P. (2d) 647.

MITCHELL, J.—This action was brought by the owners and holders of bonds issued in payment of the construction costs of diking improvement district No. 5 of Cowlitz county, Washington, to compel an additional or supplemental assessment and levy against the lands within the district to meet the requirements of the fund for the redemption of such bonds. Additional assessments to a limited extent were ordered by the terms of the judgment, which amounts, together with assessments theretofore paid, equal the total amount of benefits the lands have received from the construction of the improvement; and the judgment further recites:

"Upon payment of such supplemental assessment, in addition to its original assessment or construction costs, each or any tract of land in the district shall be wholly discharged from any further obligation to meet any part of the said debt and bonds of the district for the construction costs thereof, to wit: the bonds of series 'A,' 'B' and 'C.' "

An appeal has been taken by Milton M. Miller, intervener, from that portion of the judgment quoted.

Appellants say that the only question involved in this appeal is whether or not the liability of the diking improvement district is limited to the amount of the benefits found to accrue to the lands within the district by reason of the construction of the dikes, or whether the liability is general and unlimited, regardless of benefits, and remains so until all the bonds issued for the construction of the dikes have been fully paid; more concisely stated, Can property within the district be assessed in excess of benefits caused by the improvements?

The bonds upon their faces recite that they are

" . . . issued for the purpose of procuring funds with which to pay the cost of the system of improve-

ment of and for said district under and pursuant to the provisions of Chapter 130, Session Laws of Washington, 1917 [p. 517]."

Without discussing in detail the different sections of the act, attention is called to our cases construing the act and similar ones with respect to the particular inquiry. The diking act of 1913 was essentially the same as the amendatory act of 1917, so far as the question in this case is concerned, and in *Pierce County v. Thompson,* 82 Wash. 440, 144 Pac. 704, it was held that an improvement under that act was a public improvement, in the sense that a city local improvement constructed and paid for by special assessment against property benefited thereby is a public improvement. In *Poolman v. Langdon,* 94 Wash. 448, 162 Pac. 578, construing the act of 1913, the court affirmed the rule that the total amount of assessments cannot exceed the benefits accrued; and the case of *Linn v. Walla Walla County,* 99 Wash. 224, 169 Pac. 323, is to the same effect.

In *Foster v. Commissioners of Cowlitz County,* 100 Wash. 502, 171 Pac. 539, the act of 1917, under which the bonds in this action were issued, was under consideration. A land owner whose property was involved sought to restrain the incurring of indebtedness for the construction of diking improvements in that district, No. 4, Cowlitz county. One of the contentions in the case was that the statute violated due process of law, in that it permitted assessments beyond benefits. The holding was to the contrary, the court saying:

"In so far as the question of due process in the charging of the cost of the improvement to the property benefited thereby is concerned, counsel's contention is also untenable. Owners of property within the district are given notice and opportunity to be heard

upon the question of the creation of the district and the construction of the improvement. When it comes to charging the cost of the improvement against the several tracts of land within the district, such charge must be 'in proportion to the benefits accruing thereto,' and we think the statute also means that no tract of land can be charged in excess of the benefits accruing thereto. Owners of land within the district to be charged with any portion of the cost of the improvement are given notice and opportunity to be heard upon the question of benefits and the apportionment of the charge to be made therefor against the several tracts. Not until all this is done is the assessment finally levied.''

In *Kadow v. Paul,* 134 Wash. 539, 236 Pac. 90, this court, in construing the same diking law, although amended in one respect not material here, said:

'' . . . that at no time, either upon the original or supplemental assessments, can there be a levy made which will exceed the maximum benefits.''

This case was taken to the supreme court of the United States, and that court, in concluding its opinion affirming the judgment of this court, said:

''When the operation of the law works uniformly as against all parts of the assessment district, and results in a higher cost of the improvement, and an increased assessment on all the owners of land who have paid, it violates no constitutional right of theirs as long as their benefits continue respectively to exceed their individual assessments. [Citing cases.]'' *Kadow v. Paul,* 274 U. S. 175.

The statute and the authorities cited answer the question in the case, stated by the appellant, and lead to an affirmance of the judgment.

▪ ▇▇ Plaintiffs-respondents' brief, on account of undersize in its dimensions, violates subdivision 4, rule viii, of the rules of this court, published in volumes 25, 71, 124 and 159 of the permanent volumes of our

reports, to such extent that no charge for it will be allowed in the cost bill.

Judgment affirmed.

TOLMAN, C. J., MAIN, PARKER, BEALS, MILLARD, BEELER, and HOLCOMB, JJ., concur.