[No. 36679. Department One. June 11, 1964.]

SIMON K. ROTH *et al.*, *Appellants*, v. DRAINAGE IMPROVEMENT
DISTRICT NO. 5, OF CLARK COUNTY, *Respondent.**

*Robinson, Landerholm, Memovich & Lansverk,* for appellants.

*Schaefer & Wynne (Robert M. Schaefer,* of counsel), for respondent.

HUNTER, J.—Plaintiffs (appellants), Simon K. Roth, Simon A. Roth and Mary Ellen Roth, entered into a contract with the defendant (respondent), Drainage Improvement District No. 5, of Clark County, which allowed the defendant to construct a drainage ditch across the plaintiffs'

*Reported in 392 P. (2d) 1012.

property. According to the contract the defendant was obligated to construct two cattle crossings, preserve an existing irrigation sump or move it to another location, and construct some fences. The plaintiffs contend that the defendant did not properly perform these obligations under the contract.

This action was brought against the defendant for damages incurred as a result of the breach of the contract, false representations made when the contract was secured, and a constitutional taking of the plaintiffs' property. The county was not joined in the suit. The defendant answered and subsequently made a motion to dismiss the case on the ground that the court had no jurisdiction over the defendant or the subject matter because the defendant is not a municipal corporation, and in law has no existence. The trial court granted the motion and the plaintiffs appeal.

The plaintiffs first contend that the defendant waived the right to raise the question of its capacity to be sued by filing an answer without raising this issue. Rule of Pleading, Practice and Procedure 9(a), RCW Vol. 0, provides that when a party desires to raise an issue regarding the capacity to be sued, he shall do so by "specific negative averment," which shall include such supporting particulars as are peculiarly within the pleader's knowledge. Ordinarily such an averment would properly be made in the answer. It may, however, be raised by motion and affidavits before trial. In Orland, 3 Wash. Prac., 1963 pocket part, p. 20, the author states:

"It would therefore seem desirable to permit the issue of capacity, authority, or existence to be raised by a 12(b) (6) motion accompanied by affidavits, with a clear and positive indication by the trial court that dismissal, if granted, is without prejudice to the maintenance of the action by persons having the proper capacity, authority, or existence."

See Meisenholder's comments on proposed rules, 32 Wash. L. Rev. 219, 240 (1957).

The record discloses the parties stipulated that the issue of the defendant's capacity to be sued, be considered by the court upon motion before trial, and that the defendant be

permitted to amend its answer. It was not necessary for the answer to be amended by the defendant, in view of the court's disposition of the motion.

 The plaintiffs next contend that the defendant has the capacity to be sued. They argue that substantial justice is not done if the defendant is allowed to do business as a municipal corporation or quasi-municipal corporation, and is not held responsible for obligations incurred in the exercise of that business. There is no merit to this argument since the plaintiffs have recourse against the county. *Linn v. Walla Walla Cy.*, 99 Wash. 224, 169 Pac. 323 (1917). The question presented is whether the plaintiffs may sue the drainage improvement district and thereby avoid the necessity of filing the timely notice of claim required before suing the county.

In determining the issue of the district's capacity to be sued, we must examine the enactment providing for its establishment. It should be noted that there are two separate statutory enactments relating to drainage and diking districts. A drainage district organized pursuant to the original enactment, Laws of 1895, chapter 115 (RCW chapter 85.06), is clearly treated as a corporation. It is given the right to sue and be sued, have perpetual succession, and manage its own affairs. The defendant here was originally such an entity, but it was dissolved in 1920 and reorganized as a drainage improvement district pursuant to Laws of 1913, chapter 176 (RCW chapter 85.08).

An examination of the 1913 enactment, as amended, discloses the following. The board of *county commissioners* must approve the plans and boundaries of any proposed district in accordance with RCW 85.08.040 through RCW 85.08.140, and the board may discontinue proceedings in regard to the proposed improvement, if it is not warranted by the benefits to be derived therefrom. RCW 85.08.160. Upon going ahead with the improvement, the deeds to the tracts of land required for the rights of way convey the property to the *county* for the benefit of the proposed district (RCW 85.08.170), and eminent domain is exercised by the *county*. RCW 85.08.190. In the condemnation pro-

ceedings, judgment is entered against the *county*, and in favor of the property owners; and upon payment of the judgment, title to the property is vested in the *county* for the benefit of the improvement district. RCW 85.08.200. The damages for land taken is paid out of the current expense fund of the *county*. RCW 85.08.210. After the district has been established, the *county commissioners* may levy an assessment against the property within the district to defray the preliminary expenses of the district. RCW 85-.08.230. The *county commissioners* determine in what manner and within how many years the assessment for the actual construction shall be paid, and the *county commissioners* issue the bonds. RCW 85.08.240. The *county commissioners* offer the bonds for sale. RCW 85.08.280. Supervisors for the district are elected and have charge of the construction and maintenance of the systems of improvements (RCW 85.08.300), but they may not modify, curtail, enlarge or add to the original plans without approval of the *county commissioners*. RCW 85.08.310. Wages incurred in connection with the improvement are fixed by the *county commissioners*. RCW 85.08.320. When the improvement is completed, an itemized statement of its cost is prepared by the clerk of the board and filed with the *county commissioners*, and a board of appraisers appointed by the *county commissioners* shall apportion the total to the affected property owners. RCW 85.08.360. The *county commissioners* must then fix a public hearing so that interested persons may file written objections to any item or items of the apportionment. RCW 85.08.400. The *county commissioners* must consider the schedule and any objections, and when determining that the apportionment as filed or as changed and modified is a fair apportionment, the *commissioners* shall levy the amounts so apportioned. RCW 85.08.410. Any judgment obtained against a *county* on account of a contract made by its officials on behalf of an improvement district is reimbursed to the *county* by the district. RCW 85.08.460.

Considering the 1913 enactment (RCW chapter 85.08) in its entirety, as amended, we are satisfied that a

drainage improvement district organized pursuant to this statute is under the ultimate control of the county; that it is not a municipal corporation or a quasi-municipal corporation and does not have the capacity to sue or to be sued.

This is not the first time we have considered the nature of a drainage improvement district formed pursuant to RCW chapter 85.08. In *Linn v. Walla Walla Cy., supra,* we said:

"Nowhere in the act is such drainage district as thereby created declared a municipal or public corporation, or given the power to sue or be sued, or given corporation succession.

" . . .

"The county constructed the drainage ditch and caused the alleged injury and damage thereby. The county is, no doubt, as beneficially interested in the local improvement of lands and local sanitation by drainage as is a city in local sewer systems. Such drainage improvement district exists only as a territorial body of lands benefited and with a designating number. The county is the only political entity or public or municipal corporation to whom was granted the powers to be exercised for such a local drainage system. In it are vested all the rights and property acquired. It is doubtless true that for such systems the county acts only for and in behalf of the local drainage district, but it is the only corporation which can. We conclude that the county is the only suable corporation in such case."

The plaintiffs challenge the applicability of the above language in *Linn v. Walla Walla Cy., supra.,* and argue that the question before the court in that case was whether Walla Walla County could be sued for damages which the county had caused as a result of the drainage improvement ditch. We agree that the facts in the *Linn* case are different from the facts in this case, but the issue was considered and the reasoning of the court is sound.

The plaintiffs cite *Abel v. Diking & Drainage Imp. Dist. No. 4,* 19 Wn. (2d) 356, 142 P. (2d) 1017 (1943). The issue of the capacity of the drainage improvement district to sue or be sued was not raised or considered in the *Abel* case. It is not apposite.

The judgment of the trial court is affirmed.

OTT, C. J., DONWORTH and HALE, JJ., and EDGERTON, J. Pro Tem., concur.