NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS BONDURANT; MICHELLE BONDURANT, husband and wife,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CITY OF BATTLE GROUND; et al.,<br><br>Defendants-Appellees. | No. 16-36085<br><br>D.C. No. 3:15-cv-05719-KLS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding[**]

Submitted September 26, 2017[***]

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Thomas Bondurant and Michelle Bondurant appeal pro se from the district

court's summary judgment in their 42 U.S.C. § 1983 action alleging federal and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). We affirm.

The district court properly granted summary judgment for the City of Battle Ground because the Bondurants failed to raise a genuine dispute of material fact as to whether the alleged deprivations were caused by municipal policy, custom, or practice, or whether the allegedly unconstitutional conduct was ratified by an official with final policymaking authority. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (explaining municipal liability under § 1983); *Gilette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (in the absence of an expressly adopted municipal policy, municipal liability under § 1983 can be established by proving that an official with final policymaking authority ratified a subordinate's unconstitutional decision or action and basis for it).

The district court properly granted summary judgment for the Battle Ground Police Department because the Bondurants failed to establish that the Battle Ground Police Department is an entity with capacity to be sued under Washington law. *See* Fed. R. Civ. P. 17(b); Battle Ground, Wash., Mun. Code § 2.30.040 (2009); *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604

(1986) (an entity's capacity to be sued in federal court is determined by state law); *Roth v. Drainage Improvement Dist. No. 5, of Clark Cty.*, 392 P.2d 1012, 1014-15 (Wash. 1964) ("In determining the issue of [an entity's] capacity to be sued, we must examine the enactment providing for its establishment.").

The district court did not abuse its discretion by denying the Bondurants' motion to amend their complaint because amendment would be futile. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (setting forth standard of review and factors for determining whether to grant leave to amend, and stating that "[f]utility alone can justify the denial of a motion to amend" (internal quotation marks omitted)). The district court properly concluded that the Bondurants' amended complaint was time-barred. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (limitations period for § 1983 claim is three years under Washington law). The district court also properly concluded that the new allegations did not relate back to their original complaint because the Bondurants failed to demonstrate that the claims alleged in the amended complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" or that the parties had adequate notice of those claims. Wash. Civ. R. 15(c); *see Williams v. Boeing Co.*, 517 F.3d 1120, 1132-33

(9th Cir. 2008) (setting forth standard of review); *Merritt v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989) (explaining that relation back provisions of state law govern § 1983 actions); *Stansfield v. Douglas County*, 43 P.3d 498, 500-01 (Wash. 2002) (discussing requirements for relation back under Wash. Civ. R. 15(c)).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Appellees' motion to strike (Docket Entry No. 12) is denied.

**AFFIRMED.**