Merrimack, }
April 5 1932. }

LESLIE E. FROST & a. v. EMERSON G. HOAR & a.

*Willoughby A. Colby* and *George A. Kidder* (*Mr. Kidder* orally), for the petitioners.

*Robert W. Upton, George P. Cofran* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the defendants.

MARBLE, J.   "No school district shall raise or appropriate money at any special meeting of the inhabitants thereof . . . unless the ballots cast at such meeting shall be equal in number to at least one half of the number of voters of such district entitled to vote at the regular meeting next preceding such special meeting."   P. L., *c.* 120, *s.* 3;

Laws 1927, *c.* 56, *s.* 2. A like restriction is in force with respect to the special meetings of towns and village districts. P. L., *c.* 42, *s.* 5; P. L., *c.* 57, *s.* 4; Laws 1927, *c.* 56, *s.* 1.

Ordinarily, where no rights of third parties have attached, as is the case here, a municipal corporation has the power to reconsider or rescind any action previously taken. *Sawyer* v. *Railroad*, 62 N. H. 135, 153, 154; *Mitchell* v. *Brown*, 18 N. H. 315. And in the absence of express regulation, "a proposition is carried in a town-meeting, or other legislative assembly, by a majority of the votes cast." *Attorney-General* v. *Shepard*, 62 N. H. 383, 384; *Attorney-General* v. *Bickford*, 77 N. H. 433, 434. The only question presented, then, is whether the action taken at each of the special district meetings was a vote to raise or appropriate money within the meaning of the statute.

"To 'raise' money, as the word is ordinarily understood, is to collect or procure a supply of money for use." *Childs* v. *Company*, 70 N. H. 318, 324. To appropriate is to set apart from the public revenue a certain sum for a particular purpose. 1 Words & Phrases, 471. It was voted at the second special meeting that the school-house in question should not be opened and that "no moneys" should be expended on its maintenance or repair. A vote not to expend can scarcely be deemed a vote to "raise or appropriate," and while these words are used in a broad sense (*Childs* v. *Company, supra,* 325), there is nothing to indicate that they are also used in a contradictory sense.

If the "evil which the legislature intended to avoid by the passage of the limitation" (*Childs* v. *Company, supra,* 324) included the rescission as well as the making of appropriations, it is probable that this intent would have been expressed with greater exactness. The purposes for which school districts may raise money are enumerated by statute. P. L., *c.* 119, *s.* 3. The act under discussion is merely another means of protecting districts against excessive expenditures. The amendment of 1927 providing for emergencies is consistent with this view. Laws 1927, *c.* 56, *s.* 2.

*Exception sustained.*

All concurred.