[No. 27665. Department One. February 2, 1940.]

COWLITZ COUNTY, *Respondent*, v. MARY JOHNSON, *Appellant.*[1]

498

*Cedric Miller,* for appellant.

*Shirley R. Marsh, H. Jerard Imus,* and *Weter, Roberts & Shefelman,* for respondent.

*Shorts & Hartson, amicus curiae.*

MAIN, J.—This action was instituted by Cowlitz county on behalf of sewerage improvement district No. 16 of that county, to foreclose delinquent local improvement assessments upon the property of Mary Johnson and others. The defendant Mary Johnson answered and set up the defense that the creation of the district was a void proceeding, for the reason, as she claimed, that it affirmatively appeared from the records of the county commissioners that they had no jurisdiction to create this district. The plaintiff, in its reply, denied certain portions of the answer and affirmatively alleged estoppel. The case proceeded to trial and resulted in a decree dismissing the answer of the defendant and directing foreclosure of the delinquent assessments. From this decree, the defendant appealed.

The facts will be stated only in so far as it is necessary to present the controlling question here for determination, which is one of law. Prior to June 9, 1926, a petition was filed with the county commissioners of

Cowlitz county asking for the creation of a sewerage improvement district, to comprise a large part of the city of Kelso and some adjacent property outside the city limits. The purpose of the district was to construct and maintain a trunk sewer to intercept the sewers already constructed in Kelso and to provide for sewerage service generally in the city.

Upon the filing of a petition for the creation of the district with the county commissioners, it was referred to an engineer to make a preliminary report on whether the proposed improvement would be conducive to public health and convenience. The engineer reported favorably. Upon receiving this report, the county commissioners entered an order giving the district a number and again referred the matter to the engineer. Subsequently, and on May 25, 1926, the engineer filed his report, setting forth a detailed plan of the improvement and an estimate of the probable cost at $108,143.97. The estimate of the engineer as to the benefits was based upon a per square foot of property. Upon the trial, a computation was made from this square foot basis, which showed a figure of $107,183.34, which was less than the estimated cost of the improvement.

June 29, 1926, after notice was given, a hearing was had on the report of the engineer and resulted in an order approving the plan and finding that the benefits to be derived from the improvement would exceed the cost thereof. Subsequently, at the request of the county commissioners, the engineer filed an amended report, which was likewise approved in a similar order. Following this, appraisers were appointed to prepare an assessment roll. After the roll was prepared and filed, notice was given of the hearing thereon. After the hearing, an order was entered approving the assessment roll and establishing the district.

The defendant contends that the hearing upon the engineer's report and the approval thereof was a judicial determination of the amount of the total maximum benefits to accrue to the lands within the district on account of the proposed improvments; and, since it also appeared that the probable estimated cost exceeded the total maximum benefits, the county commissioners had no jurisdiction to proceed with the improvement. The decision of this question must be determined from the statutory provisions involved.

The district was established under chapter 6, Title 27, Rem. Rev. Stat., § 4405 [P. C. § 1945-57] *et seq.* Section 4405 [P. C. § 1945-57], which is one of the sections of that chapter, provides that, whenever four or more persons whose land will be benefited thereby, desire to have improvements constructed for sewerage and certain other things mentioned, the proceedings for the creation of the district "may be had as provided in this act. . . . " Section 4407 [P. C. § 1945-59] provides that application for any such improvement shall be made by petition to the board of county commissioners of the county in which the proposed improvement is to be located, signed by four or more owners of property which will be benefited thereby. Section 4408 [P. C. § 1945-60] provides that, upon the filing of a petition and approval of the bond required, the clerk of the board shall deliver a copy of the petition to the county engineer, who shall at once proceed to view the line of the proposed improvements and the property affected thereby, and to determine whether the improvement, in his opinion, is necessary or will be conducive to the public health, convenience or welfare, and whether, in his opinion, the location and route described are the best for the proposed improvement.

Section 4411 [P. C. § 1945-62] provides that, if the

report of the county engineer shall be in favor of the improvement, the county commissioners shall give the improvement district a number, being a serial number in order of time of its formation among the improvement districts of the county formed under the act. The section further provides that the engineer shall make investigations necessary and make a report, profile, and plat, also an estimate of the cost of the construction of such system, itemized so as to be reasonably specific as to the various parts thereof. Section 4414 [P. C. § 1945-65] provides that, upon a filing of the report of the engineer, the board of county commissioners shall immediately fix a date for the hearing of such report, and the clerk of the board shall give notice thereof by publication as therein specified. This notice shall fix the time and place for the hearing, and shall specify the territory to be included in the proposed improvement district, both by boundaries and also by sections or fractions thereof. Section 4415 [P. C. § 1945-66] provides that, on the date set for the hearing, the county commissioners shall meet at the place designated in the notice and, if it appear that due notice of such hearing has been given, shall proceed with the hearing on the report of the engineer and any objections thereto, and may adjourn from time to time and from place to place.

"At said hearing the board shall hear all pertinent evidence, including any evidence offered concerning the probable cost of the system and the probable benefits to accrue therefrom, and may change, add to or modify the plans for such system of improvement and the boundaries of the improvement district, and change the estimate of damages and benefits in any case, and may review, change and modify any of the findings and estimates of the county engineer, and may, in its discretion, employ another engineer to make separate findings on any or all of the matters hereinbefore re-

quired to be included in the report of the county engineer, and may adjourn said hearing and await such report; or may discontinue proceedings in regard to the proposed improvement, at the cost of the petitioners therefor, if the board shall determine that the construction of the proposed improvement is not warranted by the benefits to be derived therefrom. . . ."

Section 4430 [P. C. § 1945-80] provides for the appointment by the county commissioners of a board of appraisers to prepare an assessment roll. After this is prepared and filed, § 4435-1 [P. C. § 1945-85] provides for a hearing thereon. After the assessment roll is approved, under § 4436 [P. C. § 1945-85a], an appeal may be taken from the decision of the county commissioners to the superior court.

■ Returning now to the portion of § 4415 quoted, it appears there that the board shall hear all pertinent evidence, including any evidence concerning the probable cost of the system and the probable benefits to accrue therefrom, and may change, add to or modify the plans for such system of improvement and the boundaries of the improvement district, and change the estimate of damages and benefits, and may review, change, and modify any of the findings or estimates of the engineer. In view of the power given the board of county commissioners to review, modify and change the report of the engineer upon the various matters mentioned, including probable cost and probable benefits, it cannot be said that the board, in passing a resolution approving the report of the engineer, was making a final determination.

■ Neither can it be said that, because the engineer's report shows that the estimate of the cost is a little higher than the estimate of the benefits, the board is deprived of jurisdiction to proceed any further in the matter. Unless restrained by charter or statute, the

legislative body of a municipal corporation possesses the undoubted right to reconsider its vote upon measures before it at its own pleasure, and to do and undo, consider and reconsider, as often as it may think proper, until a final conclusion is reached.

In 2 McQuillin on Municipal Corporations (2d ed.), 605, § 642, it is said:

"Unless restrained by charter or statute applicable, the legislative body of a municipal corporation, like all deliberative bodies, possesses the undoubted right to vote and reconsider its vote upon measures before it, at its own pleasure, and to do and undo, consider and reconsider, as often as it may think proper, until by final vote or act, accepted as such by the body, a conclusion is reached. It is the result only which is important. . . . "

█ The owners of land within a district, to be charged with any portion of the cost of the improvement, must be given notice and an opportunity to be heard upon the question of benefits. Until this is done, the assessment is not finally levied. *Foster v. Commissioners of Cowlitz County*, 100 Wash. 502, 171 Pac. 539; *Boyd v. Cunningham*, 164 Wash. 335, 2 P. (2d) 647. In this case, as above pointed out, they had such notice and hearing.

The other question that was presented, that of estoppel, is not material, in view of the fact that, in our opinion, the board of county commissioners was not deprived of jurisdiction, because the engineer's estimate showed costs a little above benefits.

The decree appealed from will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.