This appeal is from an order sustaining a demurrer to a petition for mandamus, which the petitioners had *Page 202 
filed to the defendants' answer, the court holding that the petition was insufficient, and the demurrer mounting up to the first error in pleading, it should be and was sustained and the petition dismissed, from which the petitioners appeal.
It appears from the petition that on April 17, 1942, application was made by the appellants, Joseph Dal Maso and Leo Dal Maso, to the Maryland-National Capitol Park and Planning Commission for the rezoning of their property at Riverdale in Prince George's County from Residential "A" to Commercial "D." On May 29, 1942, the Park and Planning Commission forwarded the petition to the Board of County Commissioners of Prince George's County, acting as District Council. On June 2, 1942, the petitioners requested a public hearing, paid the costs of the required advertisement, which was published as provided by law, and the hearing was set and had on July 7, 1942. On that date, after hearing, the petition was approved and, by resolution of the District Council, the petitioners' property rezoned. A week later, July 14, 1942, the defendant rescinded its order of July 7th and gave notice of a rehearing to be held on August 18, 1942. Before that day arrived, the appellants, on August 12, 1942, filed their petition for a writ of mandamus to compel the defendant "to reinstate and abide by its order of July 7, 1942, which approved the rezoning of the tract of land, the property of Joseph Dal Maso and Leo Dal Maso."
It appears from the answer of the defendant, which does not deny any of the statements of fact contained in the petition, that the petition for rezoning was not the petitioners' first application for an amendment of the zoning resolution; that a similar application had been made in November, 1940, and after hearing was disapproved and not allowed, and again, in November, 1940, a similar application was made, and on the day of the hearing was withdrawn. Then, or shortly thereafter, certain residents and organizations requested the defendant to give them notice of any future application *Page 203 
for rezoning. No such notice was given, but immediately thereafter the opponents of the amendment requested a rehearing, which resulted in the recission of the order of July 7, 1942, and on the rehearing, the application was refused.
In their petition for mandamus, the petitioners charged that the action of the defendant of July 14, 1942, rescinding the order of July 7th, "was arbitrary, without legal sanction, and in violation and deprivation of the rights of the petitioners in the use of their property and beyond the powers of said Board and void," and their contention now is that the Board of County Commissioners is powerless to reconsider or rescind the order theretofore passed, and that it abideth forever.
The zoning powers of the defendants are contained in the Act of 1939, Chap. 714. The boundaries of the district to be zoned are described in Section 1 of the Act, and lay partly in Montgomery County and partly in Prince George's County, but we are only concerned with the latter county, and its Board of County Commissioners, sitting as District Council. The planning commission shall be appointed under the provisions of Section 2 of Chapter 448, Acts of 1927. By Section 4 of the Acts of 1939, Chap. 714, it is "authorized and empowered to make and adopt and, from time to time, amend, extend, or add to a general plan for the physical development of the District," as set forth in detail in Sections 4 and 5. By Section 16 of the Act of 1939, the Board of County Commissioners of the respective counties, is "empowered, in accordance with the conditions and procedure specified in Sections 17 to 25, inclusive, of the Act, to regulate, in the portion of the District lying within its county, the location, height, bulk and size of buildings and other structures, building lines, minimum frontages, depths and areas of lots and percentages of lots which may be occupied, the sizes of yards, courts and other open spaces, the erection of temporary stands and structures, the density and distribution of population, the uses of buildings and structures for trade, industry, residence, *Page 204 
recreation, agriculture, * * * forestry or other purposes." No restrictions on the use of land for farming. This section designates the Board of County Commissioners as "District Council."
By Section 17, the Commission shall certify zoning plans, to the County Commissioners, but before "adopting and certifying its zoning plan," it must hold a public hearing, after notice by publication.
Section 19, of the Act of 1939, provides "that each District Council [County Commissioners] may from time to time amend its regulations or any regulation, including the maps or any map," after a public hearing on the prescribed notice by publication, "but no such amendment shall be passed unless the same be first submitted to the Commission for approval, disapproval or suggestions."
The appellant relies for its contention that the defendant, appellee, cannot grant a rehearing on a permit already granted in the case of Board of Zoning Appeals v. McKinney, 174 Md. 551,199 A. 540. In that case the Board of Zoning Appeal of Baltimore City had refused an application for a permit for a gasoline station. Later an application for a rehearing was filed, and the permit was granted. The order was appealed from to the City Court, which reversed the order. Thereupon the Board of Zoning Appeals appealed to this court. A motion was made to dismiss the appeal, and all that this court decided was, that the Board of Zoning Appeals, in the absence of statutory authority, had no right of appeal from a decision adverse to it, and the appeal was dismissed. On the briefs, and at the argument, the appellee did contend that the Board of Zoning Appeals had no right to revoke its original order refusing a permit, and that its action wasres judicata, and this court concluded the discussion of this question by saying (page 566 of 174 Md., page 547 of 199 A.): "The action of the Board therefore in reopening the case was beyond its powers, and void." If that statement is to be accepted by the present court as the law of this State, *Page 205 
then, without further ceremony, there is nothing left to do but reverse the decision in this case. If this is to be recognized as a precedent, there would be no recourse for us but to reverse the order here appealed from.
The petitioners contend that the order of the defendant amending the zoning regulations is res judicata, which means, of course, that it has the permanence of a judgment or decree of a court of competent jurisdiction. There is some confusion as to the nature and character of these administrative boards, and there are many opinions and text writers who refer to them as quasi-judicial. They do hear facts and, based on them, make decisions, but those decisions are not judgments or decrees. If their findings, resolutions, or orders are resisted or ignored, they must call on the courts to enforce them. Administrative boards and officials are arms and instrumentalities of the Legislature, and are not judicial at all; they belong to and derive all their authority from the legislative branch under our form of government. In this State, all judicial authority is only such as is provided for by Article 4 of the Maryland Constitution, and it has been decided that only judicial functions can be exercised which find their authority in that Article (Day v. Sheriff, 162 Md. 221, 159 A. 602; Humphreys v.Walls, 169 Md. 292, 181 A. 735; Quenstedt v. Wilson,173 Md. 11, 194 A. 354; Levin v. Hewes, 118 Md. 624, 86 A. 233), and that no court not coming within its provisions can be established in this State. This forbids any power in the Legislature to clothe administrative boards with any judicial authority. There may be states in which it can be done, but Maryland is not one of them.
The powers conferred by the Legislature are powers which belong to it, and which the public necessity and convenience require to be administered by its creatures. As was said in the McKinney case, 174 Md. 560, 199 A. 544: "The Board is a type of those administrative agencies which necessarily play so large a part in the operation of government under modern conditions, the function of which is to ascertain and determine ultimate facts *Page 206 
upon which the legislative will is to operate. Such a function involves the exercise of discretion, and judgment, and is in its nature judicial." This might have been qualified by adding, so long as it does not conflict with or impinge on Article 4 of the Maryland Constitution. Their function and sphere of action as defined by Judge Miller of Iowa in a brochure on Administrative Law of the American Bar Association is: "The inquiry is not for the purpose of determining existing facts and resultant and controverted rights and duties, which is a judicial function, but is for the formation and determination of future rights and duties, which is a legislative function." If there is no remedy provided, the usual methods of mandamus to compel action or injunction to prevent it are available. In re Beasley Bros.,206 Iowa 229, 220 N.W. 306; Noble v. English, 183 Iowa 893, 167 N.W. 629; Hoover v. Highway Comm., 207 Iowa 56, 222 N.W. 438;Baltimore v. Bloecher Schaaf, 149 Md. 648, 654, 132 A. 160;Tighe v. Osborne, 150 Md. 452, 465, 133 A. 465; PortsmouthStove Range Co. v. Baltimore, 156 Md. 244, 253, 144 A. 357. When a zoning board defines or prescribes the character and nature of the buildings which may be made or erected in a given area, its effect is all in the future; its plan is a guide to those who may erect buildings and the uses and businesses to which they may be devoted; its activities are legislative within the limits of the delegation of power conferred. The Legislature can amend, qualify, or repeal any of its laws, affecting all persons and property which have not acquired rights vested under existing law; all of the courts agree on this. It has been frequently held that this rule applies also to boards and agencies to which legislative power has been delegated and that they may undo, consider and reconsider their action upon measures before them. Frost v. Hoar, 85 N.H. 442, 160 A. 51; Decker v.Toledo, 56 Ohio App. 344, 10 N.E.2d 955; Cowlitz County v.Johnson, 2 Wn.2d 497, 98 P.2d 644. "It is a general rule, subject to certain qualifications hereinafter noted, that a Municipal Corporation has the right to reconsider its actions and *Page 207 
ordinances, and adopt a measure or ordinance that has previously been defeated or rescind one that has been previously adopted before the rights of third parties have vested. Moreover, in the absence of statute or a rule to the contrary, the Council may reconsider, adopt or rescind an ordinance at a meeting subsequent to that at which it was defeated or adopted, at least where conditions have not changed and no vested rights have intervened." 37 Am. Jur. Sec. 150, p. 762. There is no pretense here that there has been any change in the status of the appellants or their property in the week intervening between the order of July 7th and its recission on July 14th. In the McKinney case, 174 Md. 566, 199 A. 547, it was said: "The power to reopen `should not be interpreted with too much refinement nor should it be hedged about with technicalities if, in the meantime, no rights have arisen which would be injured.' Metzenbaum, Law ofZoning, 1930 Ed., p. 264."
The most recent case in this court as to whether a zoning order, permit, or resolution is res judicata is Knox v.Baltimore, 180 Md. 88, 23 A.2d 15, where the appellant contended that the Board of Zoning Appeals could not revoke a prior resolution or classification of his property. It was there said (page 93 of 180 Md., page 17 of 23 A.2d): "The Board of Zoning Appeals not being a court of competent jurisdiction or judicial tribunal it cannot be held that the resolution passed by that Board on February 28, 1939, was res judicata as to whether appellant had a non-conforming use in the lot in question."
The case of Winne E. Davis and Chauncey L. Davis, No. 3, except for the names of the petitioners and the description of the property, is identical with No. 2; the decision in either case depending on and affecting the other.
For the reasons assigned, both judgments will be affirmed.
No. 2, judgment affirmed, with costs.
No. 3, judgment affirmed, with costs. *Page 208