BOGLEY *v.* BARBER ET AL.

[No. 93, October Term, 1949.]

634

*Decided March 9, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Vivian V. Simpson* and *Warren Browning,* with whom were *Joseph B. Simpson, Jr., Simpson & Simpson,* and *Emory H. Bogley* on the brief, for the appellant.

*John M. McInerney* for the appellees, Leight F. Barber, and others.

*David McDonald, County Attorney for Montgomery County,* with whom was *James S. Lanigan, Assistant County Attorney,* on the brief, for Montgomery County and the County Council for Montgomery County.

MARKELL, J., delivered the opinion of the Court.

This appeal from a decree dismissing a cross-bill is one step in a zoning case that comprises administrative pro-

ceedings and litigation, which though diligently prosecuted seem unending. The bone of contention is an improved parcel of land, containing less than an acre, bounding on Old Georgetown Road and Greentree Road in Montgomery County in the Maryland-Washington Regional District. On September 22, 1948 this parcel was conveyed to appellant by gift from his father. At that time it was in an A Residential zone having been so classified under the Act of 1939, ch. 714, or the preceeding Act of 1927, ch. 448, zoning under which was continued in force by the Act of 1939, (section 24), until changed pursuant to the later act. *Cf. Dal Maso v. Board of County Commissioners*, 182 Md. 200, 203-204, 34 A. 2d 464. On the parcel is a building used for many years as a grocery store, a legal non-conforming use, and there was a dwelling house, built about 1889, occupied by a poor woman, with a sick child, who had been deserted by her husband. She says of the house, "It looked terrible, but I still was able to live in it."

On October 7, 1948 appellant filed with the County Commissioners of Montgomery County (since succeeded, under the charter adopted pursuant to the Home Rule Amendment, Const. art. 11A, by the County Council, who constitute Montgomery County, a body corporate), sitting as a District Council (for zoning), an application for an amendment of the zoning ordinance so as to reclassify appellant's parcel from A Residential zone to D Commercial. In connection with his application for change of zoning appellant agreed, should the change be granted, to dedicate a specified strip of land for the widening of Greentree Road and to establish certain building restrictions. After hearing on December 7th, the application was granted on December 21, 1948, by a vote of three to one (one absent), notwithstanding an adverse recommendation of the Maryland-National Park and Planning Commission.

On February 7, 1949 certain neighboring property owners filed a bill against appellant and Montgomery County, to enjoin appellant from building a commercial

building on the parcel and to declare void the reclassification of December 21, 1948. On the bill an order to show cause was passed. Appellant showed cause, and demurrers to the bill were filed. The demurrers were sustained on April 1, 1949, an amended bill filed on May 5, 1949, to which on May 13, 1949 appellant demurred. On the same day he filed the cross-bill now before this court. On June 14, 1949 the demurrer to the amended original bill was sustained and on July 12, 1949 a demurrer to a second amended bill was sustained and that bill dismissed.

Meanwhile on May 9, 1949 the original plaintiffs filed with the County Council (successors to the County Commissioners, but different in personnel) an application for review and reversal of the action of December 21, 1948 in reclassifying the parcel. On May 13, 1949 appellant filed his cross-bill to enjoin the County Council from "reviewing, reversing or rescinding" the action of December 21, 1948. The cross-bill alleges in effect that appellant, relying upon the commercial zoning of his land, by virtue of expenditures preparatory to the erection of three stores and by allowing destruction of the dwelling house in order to erect the stores, had acquired a "vested interest" in the zoning of his property. Answers were filed to the cross-bill and to an order to show cause passed thereon, and on May 24, 1949 an examiner was appointed "for the purpose of taking testimony on the order to show cause in the above entitled cause." Prefixed to the testimony taken is a stipulation "that the testimony to be offered in support of, and in opposition to, the rule to show cause why an injunction should not issue, is without prejudice to the right of any party to offer further testimony at a later date in support of the bill and answer." We think the "bill" referred to in the stipulation is the cross-bill, notwithstanding an argument to the contrary.

On the testimony so taken Judge Prescott on June 13, 1949 filed a brief concise opinion, holding in effect that appellant had acquired no vested right paramount to

638

the public power to zone and rezone and signed a decree dismissing the cross-bill. From this decree appellant has taken this appeal.

Since the decree below the County Council on June 21, 1949 declared the December 21st reclassification "reconsidered and * * * without force and effect pending further hearing and action", and since the appeal, on October 4, 1949 extended the period for action to thirty days after the decision of this court on this appeal.

The "expenditures" preparatory to rebuilding on which appellant bases his "vested right" are (1) architects' plans for three stores, ordered in January 1949, completed February 4th, and delivered February 10th, at a cost of $248.58, (2) forgiveness of $365 overdue rent to induce the occupant to leave on February 3d, to expedite demolition of the house and building of the stores, and (3) by neglecting to put a watchman on the property, tacit permission to juvenile vandals in the neighborhood virtually to destroy the house the next day, February 4th, so that appellant had to complete the razing of it to remove a nuisance. Appellant testified that he valued the house (exclusive of land) at at least $2500; he also said, "It would never have been a thing of beauty, but it would have been a very livable and comfortable house if properly modernized". A builder, who had not been in the house for twelve years, testifying for appellant, valued it at $4000. One of the original plaintiffs, a cross-defendant, says it was one hundred per cent depreciated and worth $500 for salvage (which presumably defendant got, if it had any salvage value). The rent of $25 a month was $365 in arrears. Appellant and his father seem to have been kind and lenient toward the woman who occupied the house, but there is not a great deal to indicate that a paying tenant could have been obtained or that occupancy rent-free was not a cheap substitute for a watchman. The County questions whether appellant by conveyance of the real estate acquired the right to overdue rent, whether the rent was owing by the occupant or by her husband, whether such a claim

against either or any distrainable furniture had any appreciable value, and why any inducement was necessary to end the term of a tenant who had no term or was long in arrears for rent. As Judge Prescott indicates, intentional destruction of a building of value in preparation for rebuilding would present a serious question. But permitting destruction of property by vandals is an odd way to create property rights. A vested right so created would seem as frail as the house was. In the light of *Board of County Comr's. of Anne Arundel County v. Snyder,* 186 Md. 342, 346-347, 46 A. 2d 689, the cases there cited and the authorities in most other jurisdictions, it would be hard to say that mere expenditure for plans, without doing any work on the property itself, created a non-conforming use or any vested constitutional right against rezoning. However, for the reason about to be stated, we mention these questions and some difficulties they present, but we do not decide them. Other questions discussed at the argument or in the briefs we do not mention.

Appellant complains of (1) denial of his claim of a "vested right" and (2) dismissal of the cross-bill without opportunity to offer further testimony. What further testimony he wishes to offer is not stated, but if it will support his case we cannot say it is superfluous. However, the place where further testimony and also the testimony already taken should have been offered is not in court but before the administrative body whose action appellant seeks to prevent by injunction.

The Act of 1939 (sec. 30) provides that the zoning powers vested in municipalities under the general zoning law (Act of 1933, ch. 599; Code, Art. 66B, secs. 10-37) shall be vested in the zoning authorities under the Act of 1939, but that the provisions of the general zoning law, insofar as inconsistent with those of the Act of 1939, shall have no application in the District. The Act of 1939 contains no express provision for judicial review of zoning action and does not embody by reference the provisions for appeals in Article 66B, sec. 22; this view is implicit, if

not expressed, in *Dal Maso v. Board of County Commissioners, supra,* 182 Md. at page 206, 34 A. 2d at page 466. In the absence of statutory provision for appeal or other adequate judicial review of administrative (or legislative) action the proper remedy is by bill in equity to enjoin enforcement of the action alleged to be unconstitutional or (in case of administrative action) arbitrary or otherwise illegal. *Heaps v. Cobb,* 185 Md. 372, 378-381, 45 A. 2d 73; *Del Maso v. County Commissioners, supra,* 182 Md. at page 206, 34 A. 2d at page 466; *Chicago, M. & St. P. Ry. Co. v. Minnesota,* 134 U. S. 418, 460, 10 S. Ct. 462, 702, 33 L. Ed. 970 (concurring opinion of Mr. Justice Miller); *Prentis v. Atlantic Coast Line,* 211 U. S. 210, 230-231, 29 S. Ct. 67, 53 L. Ed. 150; *Oklahoma Natural Gas Co. v. Russell,* 261 U. S. 290, 293, 43 S. Ct. 353, 67 L. Ed. 659; *cf. Crowell v. Benson,* 285 U. S. 22, 60, 52 S. Ct. 285, 76 L. Ed. 598.

The action to be enjoined, in the absence of other judicial review, ordinarily is enforcement of administrative action taken, not action feared but yet to be taken by order to be passed after hearing and compliance with at least the formalities of law. *Kahl v. Consolidated Gas, Electric Light and Power Co.* 191 Md. 249, 60 A. 2d 754. The Supreme Court has gone at least as far as this court in denying resort to the courts to prevent administrative action. At a time when that court was sharply divided on constitutional questions relating to administrative law, it unanimously held (*a*) that hearings and action by an administrative board under a statute which provided for judicial review of action taken could not be prevented by injunction (*Myers v. Bethlehem Steel Co.* 303 U. S. 41, 58 S. Ct. 459, 82 L. Ed. 638) and (*b*) that a statutory right of review of "an order" of a commission is applicable only to "orders of a definitive character dealing with the merits of a proceeding before the commission," and not to preliminary, procedural or interlocutory orders. *Federal Power Commission v. Metropolitan Edison Co.,* 304 U. S. 375, 58 S. Ct. 963, 82 L. Ed. 1408. In the instant case it is not suggested that the zoning

ordinance is unconstitutional except (if at all) if and as applied to appellant's property. We see no reason why in the instant case the pending proceedings before the Council should be halted by injunction and the whole controversy taken over by the court. We do not overlook the fact that justice delayed may be justice denied, and that delay may amount to adverse administrative action which will justify resort to equity. *Prendergast v. New York Telephone Co.*, 262 U. S. 43, 49-50, 43 S. Ct. 466, 67 L. Ed. 853. The orders of June 21, 1949 and October 4, 1949 are not reviewable on this appeal. If they were, we could not say that they are more than a *bona fide* effort to bring order out of chaos and avoid prosecution of the administrative and judicial proceedings in this case at the same time.

Appellant complains that the County, cross-defendant, did not "make any objections to the jurisdiction of the court below" in that court and is therefore barred from making any such objection here. Art. 5, sec. 41 (Acts of 1841, ch. 163). Section 41 is applicable to objections that there is an adequate remedy at law (*Punte v. Taylor*, 189 Md. 102, 53 A. 2d 773; *Allen v. Dovell*, 193 Md. 359, 66 A. 2d 795, 798; *Miller On Equity Procedure*, § 340) or objections to venue (*Elfont v. Elfont*, 161 Md. 458, 157 A. 741), *i.e.*, objections which do not go to "jurisdiction" in the fundamental sense but may be waived. *In re Metropolitan Railway Receivership*, 208 U. S. 90, 28 S. Ct. 219, 52 L. Ed. 403; *Harkin v. Brundage*, 276 U. S. 36, 52, 48 S. Ct. 268, 72 L. Ed. 457; *Wells v. Price*, 183 Md. 443, 450-451, 37 A. 2d 888. It is not applicable when there is a fundamental lack of jurisdiction over the parties or the subject-matter (*U. S. Express Co. v. Hurlock*, 120 Md. 107, 87 A. 834, Ann. Cas. 1915A, 566) or no justiciable question is presented. A matter which properly should be presented to an administrative body but is improperly brought into a court of equity does not become a proper subject of a judicial proceeding merely by failure of the defendant promptly to make the point that it is improperly in court.

642

Affirmance of the decree will be without prejudice to appellant's rights before the Council, or to any proper judicial proceedings after action by the Council.

*Decree affirmed, with costs.*